Gordon v. Clapp.

## GORDON *vs.* CLAPP.

[ACTION FOR WORK AND LABOR DONE.]

1. *Admissibility of party's declarations as evidence for him.*—In an action against an administrator, seeking to charge him individually for work and labor done on a house belonging to his intestate's estate, of which he had actual possession at the time the work was done; plaintiff having proved that defendant superintended, approved, and accepted the work, and defendant having adduced evidence of a contract between plaintiff and the decedent for the performance of the work,—plaintiff cannot be allowed to prove that, "when about to commence the work, defendant not being present," he said to a witness with whom, as agent of the decedent, he had made the former contract, "that he would not do the work under the former contract, but looked to the defendant individually for payment."

APPEAL from the County Court of Montgomery. Tried before the Hon. DAVID CAMPBELL.

THIS action was brought by Charles A. Clapp, against John W. Gordon, to recover the sum of $604, alleged to be "due on account between plaintiff and defendant on the 1st January, 1860, and for work and labor done, and materials furnished, by plaintiff for defendant." On the trial, as the bill of exceptions states, the plaintiff proved the performance of the work for which compensation was claimed; and the defendant, having introduced evidence tending to show that the work was done on a house which belonged to one Barnard in his life-time, but was in the possession of the defendant as his administrator at the time the work was performed, proved by one W. T. Robinson, a witness, that he (Robinson) was authorized by said Barnard to make a contract for the performance of the work in question; that said plaintiff, on being informed of his authority to act for Barnard, authorized him to make the following proposal in writing for the performance of the work; that said proposal was accepted by Barnard, and its acceptance was communicated to plaintiff by witness." (The proposal, as set out in the record, is addressed to Barnard, signed "C. A. Clapp, per W. T. Robinson," and specifies the price at which the designated work will be done.) " Plaintiff then offered to prove by said Robinson, that when about to commence the work, defendant not being present, he told the witness, that he would not do the work under the contract with Barnard, but that he looked to defendant individually for payment. The defendant objected to this evidence, but the court overruled his objection, and admitted the evidence; to which the defendant excepted. Plaintiff had proved, before said evidence was offered, that defendant had actual possession of the house before the work was commenced, and while it was being performed; that he superintended, approved, and accepted the work; and that he had paid out of his individual means for other work done on the house about the same time." The ad-

mission of the evidence objected to is the only matter now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.

WATTS, JUDGE & JACKSON, *contra*.

STONE, J.—We are not informed on what principle the plaintiff was permitted to prove his own declaration, made in the absence of the defendant, to the effect · "that he would not do the work under the contract with Barnard, but that he looked to the defendant individually for his pay." The general rule is, that a party's *ex-parte* statements cannot become evidence for himself. To that rule there are exceptions, one of which is, that what a party says, contemporaneously with an act done, and explanatory of its nature, may be given in evidence as part of the *res gestœ*. To bring a case within this rule, the declaration must be so connected with the fact it is sought to explain as to illustrate its character.—1 Greenl. Ev. § 108. In the present case, the declaration was not at all explanatory of the work and labor done; and hence we hold, that the declaration formed no part of the *res gestœ*. We know of no principle of law on which it was admissible, and hold that the county court of Montgomery erred in its admission.—See *Sanford v. Howard*, 29 Ala. 684.

Reversed and remanded.