## HAWKINS' ADM'R vs. DUMAS.

[TROVER FOR CONVERSION OF SLAVES;]

1. *Probate of will; necessity of.*—A party cannot deduce title to personal property under a will, without proof of its probate.

2. *Same; not presumed from certified copy of recorded will.*—Neither the probate of a will, nor even the death of the testator, can be presumed by the court from the certificate of the probate judge, appended to a transcript from the records of his court, to the effect "that the foregoing is a correct copy of the will now on file" in his office.

3. *Error without injury, in admission of illegal evidence.*—Where the bill of exceptions purports to set out all the evidence, and shows that the plaintiff was not entitled to recover, the admission of illegal evidence, against his objection, is, at most, error without injury.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. NAT. COOK.

THIS action was brought by Benjamin R. Thomas, as the administrator of Mary Hawkins, deceased, against Obadiah A. Dumas, to recover damages for the conversion of several slaves; and was commenced on the 23d day of February, 1858. The plaintiff deduced title to the slaves under a clause in the will of Azariah Dumas, deceased, (who was the father of Mrs. Mary Hawkins,) by which they were bequeathed to Wade Hampton Dumas, who was a son of said Azariah Dumas, "to have and to hold the same during his natural life, and at his death to the lawful heirs of his body; and in case of death without lawful heirs, to be equally divided between Lafayette Dumas, Wincey Autrey, and Mary Hawkins." Wade Hampton Dumas died, intestate, in 1853, leaving a widow, but no children; and letters of administration on his estate were granted, in October, 1853, to the defendant, who afterwards suffered the slaves to be removed beyond the limits of the State by one Duncan, who had married the widow of his intestate. The bill of exceptions purports to set out all the evidence introduced on the trial, and states that, " on the trial, the plantiff read in evidence the will of Azariah Dumas, and

probate thereof, as follows" ; but the record does not show any probate of the will, though the certificate of the pro- bate judge, appended to it, states that " the foregoing is a true and correct copy of the will now on file in my" [his] " office as the will of Azariah Dumas, deceased." The plaintiff reserved an exception to the ruling of the court in admitting, against his objection, evidence touching the value of the slaves sued for ; and also to the charge to the jury, " that, if they believed the evidence, they must find for the defendant" ; and these rulings of the court, in consequence of which the plaintiff was compelled to take a nonsuit, are now assigned as error.

WATTS & TROY, for appellant.

BYRD, J.—The bill of exceptions purports to set out all the evidence introduced on the trial. The appellant, not relying on previous possession, but upon title, as the ground of a recovery, introduced in evidence the will of Azariah Dumas, and attempted to show title under it. But it does not appear that the will was ever probated, as re- quired by law, nor that Azariah Dumas is dead, unless we *were* to infer it from the certificate of the judge of probate, to the transcript introduced in evidence. The appellant cannot claim title to personal proparty through a will in this condition.—*Johnson v. Glasscock*, 2 Ala. 218 ; *Shepherd v. Nabors*, 6 Ala. 631. The court, therefore, did not err in the charge given.

3. The appellant reserved an exception upon the admis- sibility of evidence, touching the value of the slaves sued for. As the appellant was not, under the testimony, enti- tled to recover the slaves, the evidence admitted was, at most, error without injury.

The judgment of the court below is affirmed.

JUDGE, J., not sitting.