## BRAND, Guardian, *vs.* ABBOTT.

[SETTLEMENT OF GUARDIANSHIP.]

1. *Party ; competent witness.*—A guardian, on a proceeding for final settlement of his accounts. before the probate court, is a competent witness in his own behalf.—Revised Code, § 2704 (2302a).
2. *Guardian ; when liable for compound interest.*—It is the duty of a guardian to charge compound interest on debts due after maturity, and he must account in like manner.—(Revised Code, § 2427 (2024a). But, this law does not relate to the interest chargeable against a guardian on funds in hand. BYRD, J., *dissenting* to last clause.
3. *Same; general liability to pay interest.*—A guardian is not liable for interest at all, if he can prove that he could not, with reasonable diligence, loan out the money of his ward safely ; unless it is shewn that he has used or converted the same.
4. *Declarations.*—Declarations, not part of the transaction, or *res gestae*, held to be inadmissible as evidence.
5. *Guardian ; conversion by ; rule of damages.*—If guardian, in 1863 or 1864, converts a certain amount of Confederate treasury notes, belonging to his ward, he is chargeable, not with the nominal amount of the treasury notes so converted, but their value. BYRD, J., *dissenting.*

APPEAL from the Probate Court of Perry.

THIS was a proceeding for the final settlement of his guardianship accounts, between the appellant, Brand, and his ward, Abbott, the appellee.

At the hearing the said Brand, the guardian, offered himself as a witness in his own behalf. This the court refused, and the said guardian excepted.

There was proof conducing to show that the guardian had collected the funds of his ward, to the amount of $2,500 or $2,600 in Confederate notes, of the " old issue," some time in the latter part of the year 1863, and that he paid this out in satisfaction of his individual debts; that sometime in February, 1864, he, the guardian, received, in payment of debts due to him individually, the sum of five or six thousand dollars in Confederate notes, " new issue,"

and offered to prove (but the testimony was ruled out as incompetent—see the opinion) that he designed to retain, for the use of his ward and to benefit his ward, so much of this "new issue" as he had used, of the "old issue" belonging to his ward, in the satisfaction of his own individual debts, as aforesaid.

In the account, as stated by himself, the guardian credited himself with the amount of Confederate notes, "old issue," which he had used, and replaced with "new issue," and brought the balance standing against him, according to this statement of the accounts, into court, in "new issue." This statement of the account the court refused to allow, but stated the account anew, charging the guardian with the amount of the Confederate treasury notes received in "old issue" from the time they were received and used as aforesaid, making yearly rests and compounding the interest.

To this action of the court the said Brand excepted. He appealed from the final decree of the court, and assigns for error the several rulings of the court as given above.

MOORE & LOCKETT, for appellant.
C. C. CROWE, and J. F. VARY, contra.

A. J. WALKER, C. J.—The guardian was a competent witness to testify for himself.—Revised Code, 2704 (2302a); Padgett v. Padgett, at June term, 1867. The court erred in the exclusion of him as a witness. We must reverse for this error, for the rule is, that injury is presumed from error, unless the contrary is plainly shown by the record.—Abrams v. Nunn, January term, 1868; Ala. & Fla. R. R. v. Watson, January term, 1868.

2. The court erred in charging the guardian with compound interest on the money in hand. The guardian was not guilty of such misconduct as renders him liable for compound interest.—Calhoun v. Calhoun, Judge, J., June term, 1867; Bryant v. Craig, 12 Ala. 354. It is the duty of a guardian to charge compound interest upon debts after maturity, and for any compound interest received by him he is chargeable.—Revised Code, 2427 (2024a). But

this law does not relate to the interest chargeable against the guardian on funds in hand.

3. The guardian, upon a future trial, should not be charged even with simple interest on the money in hand, if it should be proved by him to the court that he could not, by the exercise of reasonable diligence, make such an investment as is authorized by the Code, unless there was a conversion by him of the money.—Revised Code, 2426, (2024); *Owens v. Peebles*, MSS., A. J. Walker, C. J.; *Bryant v. Craig*, 12 Ala. 354.

As the evidence upon the question of the practicability of loaning out the money may not be the same on another trial, it would be useless for us to pass upon the evidence affecting it, set out in the present transcript.

4. The declarations made by the guardian at the time of receiving money were not in any way explanatory of the payment or reception of the money. They were not, therefore, a part of the *res gestœ*, and were properly excluded.— *Gordan v. Clapp*, 38 Ala. 357.

5. Under the evidence before us, the guardian converted the "old issue" Confederate money to his own use, appropriating the same to the payment of his own debts. He was, with such evidence before the court, chargeable with the value of the money so converted, not with its nominal amount.— *Glenn v. Waller*, MSS., January term, 1868.

If, on another trial, it should appear that the guardian merely substituted a better kind of Confederate money instead of the "old issue," and using the inferior funds of the ward as a favor to the latter, and if no injury resulted, a new question will arise, not now presented, and therefore not decided.

BYRD, J.—I concur in the first, third and fourth points decided by the court, and dissent from the second and fifth. If a guardian uses the money of his ward, when he could loan it out as required by law, I hold that he is responsible for compound interest. Such I conceive to be the result of the act of 24th February, 1860, p. 51.

Reversed and remanded.