## TYSON, Adm'r, et al., *vs.* SANDERSON, Adm'r.

[BILL IN EQUITY, BY ADMINISTRATOR OF WARD AGAINST ADMINISTRATOR AND
SURETIES OF GUARDIAN, FOR ACCOUNT, &C.]

1. *Guardian; when liable for compound interest.*—A guardian in this State, as a general rule, is not chargeable with compound interest, on the moneys of the ward in his hands, unless he collects such interest.
2. *Same; sureties on bond of, extent of liability of.*—The sureties on a guardian's bond are not liable for a sum of money, by way of damages for the breach of the bond, larger than the penalty of the bond and interest on such penalty after breach of the bond.

APPEAL from Chancery Court of Lowndes.
Heard before Hon ADAM C. FELDER.

IN 1858, W. D. Simonton was appointed guardian of B. F. McDonald, qualified and gave bond, as required by law, in the sum of twelve hundred dollars, with T. B. McCall and G. L. Mushat as his sureties. On the 22d of April, 1862, on a partial and the only settlement of his account as guardian, the probate court adjudged Simonton to be indebted to his ward in the sum of seven hundred and thirty dollars, and rendered a decree against him for that amount. McDonald died some time in the year 1862.

Simonton, the guardian, and Mushat, one of the sureties, were dead at the date of the filing of the bill; and their estates having been duly declared insolvent by the probate court, were being settled as such by Tyson, as administrator *de bonis non* of Simonton, and Judith P. Mushat, as executrix of the guardian.

The bill is filed by the appellee, Sanderson, as administrator of McDonald, the ward, against McCall, the surviving surety, and against Tyson and Mushat, in their representative capacity; and charges that the sum found due was never paid to McDonald or to complainant by the guardian, but was converted by him to his own use; that the guardian committed a *devastavit* during the time that

McCall and Mushat were sureties on his bond; that the parties defendant, especially McCall, are liable for said sum of money, with compound interest thereon from the 22d day of April, 1862. The bill prays that an account be taken to ascertain the amount due from the guardian to the ward, with compound interest thereon, as shown by the settlement and decree in the probate court; and prays that the defendants be decreed to pay the same, especially the defendant McCall.

The defendants each filed separate answers, denying that Simonton had committed a *devastavit*, or converted to his use the money of his ward, claiming, in general terms, that the amount found due on the partial settlement had been paid by Simonton, or his executrix. The decree and proceedings on the partial settlement in the probate court, and the amount found due, were admitted, &c., as alleged in the bill; as also the insolvency of the estates of Simonton and Mushat, &c.

The cause was submitted on bill, answer, and admissions of counsel, and the chancellor having decreed that complainant was entitled to the relief prayed for, directed the register to state an account between complainant and said McCall, one of the sureties of Simonton, &c., and in taking the account, to allow complainant "annual or compound interest on all sums found to be due from the time of the *devastavit* or conversion," &c.

The register reported the amount due to be $1351 14, and after allowance of proper credits, stated the amount then due to be $1241 70, and that "in the calculation of interest the calculation was made at eight per cent. per annum." An exception by McCall, that the register had charged him with compound interest on the balance found due to complainant, when only simple interest should have been charged, was overruled, and the report confirmed.

The chancellor rendered a final decree in favor of complainant against McCall, for the amount found due by the register. And the decree further states: "It appearing from the proof and pleadings in this cause, that the estates of W. D. Simonton and G. L. Mushat, one of the sureties, &c., have been decreed insolvent, it is ordered that said

McCall have leave to file a copy of this decree, when paid by him, in the probate court of Lowndes county, for allowance against said estates in his favor."

The errors assigned are, that the court erred—

1st, In directing the account to be stated between complainant and defendant McCall alone.

2d, In instructing the register to charge McCall with full amount found due on the settlement by Simonton in 1862.

3d, In directing the account to be taken with annual or compound interest upon the amount found due, &c.

4th, In the final decree rendered.

CLEMENTS & WILLIAMSON, for appellant.—1. The decree in this cause directs that an account be taken of the amount due from W. D. Simonton, as guardian of complainant's intestate, and stated by the register between complainant as administrator, and T. B. McCall, one of the sureties on the guardian's bond; excluding Tyson, the administrator of the guardian, and Mrs. Mushat, the administratrix of another surety on the guardian's bond, from participation in taking the account. Was this not a dismissal of the bill as to Tyson and Mushat? And if so, does it not work an entire dismissal of the bill? It was clearly erroneous so to have directed the account to be taken; for Tyson, as the administrator of the guardian, is supposed to be in possession of any evidence of payments or disbursements on account of the ward, by the guardian in his life time; and by excluding him from participation in taking the account, might work great injury to the living surety on the bond of the guardian.

2. The decree is erroneous in directing compound interest to be calculated against the surety McCall. Simonton, the guardian, died in the fall of 1862. There is no statute in this State holding guardians to account for compound interest, in the absence of bad conduct in the management of the trust. The guardian is required to renew notes or bonds in his hands annually, or collect the interest thereon; even if the failure to do this would impose upon the guardian the liability to pay compound interest, it would cease with his death. From the death of Simonton, the sureties

were only liable for the amount due by Simonton at that time, and, at most, simple interest thereon. —Rev. Code, §§ 2426, 2427.

Cox, Witcher & Rugely, *contra.*—1. The decree of reference was correct; McCall was bound to account, and the decree requires him to do nothing more. He cannot complain that the representatives of the deceased parties were not also required to account.—*Frierson v. Travis,* 39 Ala. 150; *Lingan v. Henderson,* 1 Bland's Chancery Rep. 275.

2. The guardian was certainly chargeable with the amount against him on partial settlement, and if he paid any portion of it, he should have shown it; and the guardian being so liable, his surety is equally so.—*Heard, Judge, &c., v. Lodge et al.,* 20 Pick. 53.

3. Guardians are liable to pay compound interest to their wards; section 2426 of the Revised Code requires that the guardian must, "if practicable," lend out all surplus money of the ward on bond and mortgage, &c. This court will not presume that the legislature requires something *not* practicable of guardians; the words "if practicable" were inserted for the relief of guardians in those cases only where the thing required was *impossible;* and in any such cases, the guardian must *show* his inability to put the money out at interest as required, or the court will presume otherwise.—*Kirkman et al. v. Vanlier,* 7 Ala. 231; 6 Ohio, 125; Reeves' Domestic Relations, 325.

4. The court did not err in sustaining the report of the register; there is no statement of the evidence upon which the register acted, which shows error; nor of any evidence before the register to which McCall objected; nor did appellant except to the register's report because of the absence therein of any evidence upon which he acted; the report, therefore, should have been confirmed.—*Schiefflin v. Stewart,* 1 Johns. Chan. Rep. 623.

5. The other defendants represented insolvent estates.; there could be no decree against them, and an account against them was therefore unnecessary.—3 Head's (Tenn.) Rep. 553; 3 Caldwell's (Tenn.) Rep. 304.

6. The final decree is correct; it is in accordance with

the report of the register concerning the account taken before him, and the register's report should be sustained. See par. 4, *supra*.

PETERS, J.—The assignment of error founded on the exception made to the master's report, is not well taken. The ground for the exception is, "that the register, in said report, has charged defendant, T. B. McCall, with compound interest on the balance found due from W. D. Simonton to complainant's intestate, on the 22d day of April, 1862, when the defendant, T. B. McCall, should not be charged with but simple interest on such sum." This exception is not sustained by the record. McCall was the security on the bond of Simonton, the guardian. From the guardian's partial settlement, on the 22d day of April, 1862, the decree of the probate court against him for the funds of the ward then found to be in the guardian's hands, was for seven hundred and thirty dollars. The report of the master shows that the interest charged on this sum was "annual interest" at eight per cent. per annum, which amounted to four hundred and twenty-one dollars and fourteen cents. This was not above the sum due at simple interest; and such decrees bear simple interest, as here charged. Then, there was no error in refusing to allow this exception.—Rev. Code, § 1829; *Kyle v. Mays, use, &c.,* 22 Ala. 692.

There is no law of this State requiring a guardian to pay compound interest on the moneys of the ward in his hands, unless he collects such interest on the ward's funds. The statute only makes it obligatory on him to loan out the ward's moneys and collect the interest annually, and to compound the interest on all debts due the guardian by note or account, contracted since February 24, 1860. Rev. Code, §§ 2426, 2427; *Brant v. Abbott,* 42 Ala. 499. And though the order for the taking of the account authorized the master to charge either simple or compound interest, yet as simple interest only was charged, the order going beyond this was error without injury, and it is not reversible.—*Hawkins, Adm'r v. Dumas,* 41 Ala. 391; Shep. Dig. p. 568, § 82.

The assignments of error also impeach the sufficiency of the final decree of the chancellor in the court below. The pleadings show that this is a proceeding to enforce the liability of a surety on a guardian's bond for the guardian's default. The penalty stipulated in the bond is twelve hundred dollars. A suit at law on this bond would necessarily confine the recovery to this sum and interest thereon, after the liability of the surety was fixed and ascertained. It would be an action of debt on the bond, and interest on the debt after it fell due.—Rev. Code, §§ 2770, 2771 ; Hurlsome on Bonds, 107, and cases cited ; 7 Bac. Abr. Bouv. 239, and cases cited ; 1 Chitt. Pl. 108, 100, 115, *marg ; Post Master General v. Cochran*, 2 John. 413 ; Rev. Code, p. 674, 675, *Forms*. Or, if the proceedings were in the probate court, then fixing the liability against the guardian would also fix it against the surety.—Rev. Code, §§ 2281, 2281. The surety could not be reasonably required to answer for the principal's default, until the amount of the default should be ascertained. This is the principle adopted in the court of probate and in the circuit court. It is just and right, and should be followed in the court of chancery. Rev. Code, §§ 2281, 2272. If, on the other hand, it is contended that the liability is fixed by the partial settlement in 1862, were it not for the interposition of the late war, the surety would be discharged by the statute of limitation in his favor.—Rev. Code, § 2901 ; *Coleman v Holmes*, January Term, 1870. Here the suit is against the representative of the principal and the surety at the same time, and the sum ascertained against the guardian fixes the liability of the surety. Both are shown by the same decree. This is the ascertained commencement of the surety's indebtedness, which he is liable to pay, and the bond itself limits its amount. It would be unjust to him to demand interest before this is done ; because it is the ascertainment of this fact which shows that he owes anything at all.—*Hill v. Rushing*, 4 Ala. 212 ; *Commonwealth v. Forney*, 3 Watts & Serg. 353 ; *Herndon v. Forney*, 4 Ala. 243. Here, the decree against the surety, McCall, exceeds the amount of the penalty of the bond. In this there is error.

The more regular practice requires that there shall be a

decree disposing of the case against each of the defend-
ants. And in this case there should have been a decree in
favor of the complainant against the representative of the
guardian, for the whole balance found to be remaining in
the guardian's hands on taking the account by the register,
and a like decree against the representative of Mushat, de-
ceased, the co-surety of McCall on the guardian's bond, for
the amount of the penalty of the bond, to be levied of their
respective goods and chattels remaining to be administered;
and these decrees might be filed against the insolvent es-
tates of the parties, as allowed by the statute.—Rev. Code,
§§ 2208, 2209. And, besides, a decree should be rendered
against McCall in favor of the complainant, for the amount
of the penalty of the guardian's bond, and interest thereon
from the date of such decree, and costs.—Revised Code,
§ 1829; 18 N. Y. 35.

The judgment of the court below is reversed, and the
cause remanded. The appellee, Sanderson, as the admin-
istrator of the estate of said B. F. McDonald, deceased,
will pay the costs of this appeal in this court and in the
court below, out of the assets of the said McDonald in his
hands to be administered.

