# Rawles *v.* James.

*Detinue for Mule.*

1. *Proof of ownership.* — General reputation in the neighborhood as to the ownership of a mule is not competent evidence.

2. *Declarations of person in possession as to title.* — The declarations of a person who is in possession of personal property, that it belongs to his son, are competent evidence, but his declarations as to the source of his son's title are not.

[Rawles *v*. James.]

3. *Proof of value of personal property.* — A witness may give his opinion as to the value of a horse or mule known to him, although he is not an expert, and does not know its market value.

4. *Judgment on affirmance in appeal case.* — In an appeal case from a Justice's Court, if the judgment is affirmed, it should be rendered against the surety as well as the principal, and should include the costs of the Justice's Court as well as of the Circuit Court.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by David L. James, an infant, who sued by his next friend, A. J. James, against E. S. Rawles, to recover a mule, with damages for its detention, and was commenced in a Justice's Court. Judgment was rendered by the justice in favor of the plaintiff, and the case was then removed by the defendant by appeal, into the Circuit Court, where it was tried "on the plea of the general issue ; " and the jury having returned a verdict for the plaintiff, assessing the value of the mule at fifty-five dollars, and the damages for its deten tion at seventy dollars, the court thereupon rendered judgment accordingly against the defendant, and also against S. W. Blackburn, his surety on the appeal bond. On the trial, several exceptions were reserved by the defendant to the rulings of the court on questions of evidence, which are thus stated in the bill of exceptions : " To prove title to the mule sued for, the plaintiff propounded the following questions to Reuben Tubb, a witness for plaintiff, to wit : ' Was there a general reputation, or rumor, in the neighborhood in which the plaintiff resided, as to the ownership of the mule now sued for ? and what was that reputation or rumor ? ' To these questions the defendant objected, on the ground that they were improper, and that the answers thereto would be illegal and irrelevant ; but the court overruled the objection, and allowed the questions to be asked, to which the defendant excepted. The witness answered, that the general reputation in the neighborhood was that said mule belonged to the plaintiff. The plaintiff also propounded to said witness the following questions : ' Who had the possession of said mule ? and what did he say when you had levied the attachment ? [Objected to, and exception saved.] The witness answered, that the said mule, with several others, was in the pasture of A. J. James ; and that said James told him at the time, that said mule belonged to his son, the plaintiff in this suit, and that his son had exchanged a horse for said mule, in Georgia, about a year from that time. The plaintiff also asked said witness the following questions : ' What was said mule worth at the time of the levy of said attachment, and what is he now worth ? What were the services of said mule worth, and what are they now worth ? ' To all and each part of said questions the defendant *excepted*, on

[Scott's Administrator *v.* Griggs.]

the ground that said questions, nor the answers thereto, would show that said witness knew the value of said mule, or of his services in the market wherein he was so levied on, or afterwards held in said county. The witness then answered, that he did not know anything of the value of said mule, or of his services, in the market. The court thereupon overruled the defendant's objections, and allowed the witness to answer, that in his opinion, without reference to the market value, said mule was of the value of sixty to sixty-five dollars; to which the defendant excepted." The several rulings to which exceptions were reserved, and the judgment of the court, are now assigned as error.

JNO. C. REID, W. B. MODAWELL & BROOKS, HARALSON & ROY, for appellant.

MOORE & LOCKETT, *contra.*

B. F. SAFFOLD, J. — 1. The court erred in admitting evidence of the general reputation as to the ownership of the mule in the neighborhood where the plaintiff resided in proof of the plaintiff's title. *Whitsett, Garner & Co.* v. *Slater*, 23 Ala. 626; *McCoy* v. *Odom*, 20 Ala. 502; *Benje* v. *Creagh's administrator*, 21 Ala. 151.

2. A person's own declarations, that he holds property in his possession as that of his child, are admissible in evidence. But not so as to the source of title. *Benje* v. *Creagh's administrator, supra ;* Brickell's Dig. p. 843, 844.

3. Proof of the market value of property is competent, in determining its real value. But a witness may give his opinion of the value of the property known to him, though he is not an expert. *Ward* v. *Reynolds*, 32 Ala. 384.

4. When the judgment is affirmed, on appeal from the justice, judgment must be rendered against the surety as well as the principal, which must include the costs of the inferior and appellate court. R. C. § 2776.

For the errors above mentioned, the judgment is reversed, and the cause remanded.