# Childress v. Childress.

## Settlement of Guardian's Accounts.

1. *Citation to guardian, and proceedings preliminary to settlement.* — In a proceeding to compel the final settlement of a guardian's accounts (Rev. Code, §§ 2448-9, 2153-5), the citation should show to him that a final settlement is contemplated ; if he fails to appear, and the citation is proved to have been duly served on him, the court may proceed to state an *ex parte* account against him ; after which, another citation should be issued and served, notifying him that the account has been so stated, and of the day on which the court will proceed to act on it; and on the day so appointed, if he again fails to appear, and the second citation is shown to have been duly served, the court may proceed to render a decree in accordance with the account as stated ; but the decree must be rendered on the day specified in the citation, or the cause must be shown to have been regularly continued from that day to a subsequent day.

2. *Liability of guardian for compound interest.* — A guardian is not chargeable with compound interest on funds received by him, unless he is shown to have been guilty of such gross neglect as is evidence of fraud ; and the mere omission to make annual settlements is not such neglect.

APPEAL from the Probate Court of Marengo.

COLEMAN & SEAY, W. & J. WEBB, and W. W. DUGGER, for appellant.

WALLER, PITMAN & WALLER, contra.

PETERS, J. — This is a proceeding to compel the settlement of a guardian's account in the court of probate. There was a judgment against the guardian below for $12,792.20, of which $8,740.05 is compound interest. From this judgment the guardian appeals to this court ; and he here assigns the proceedings and the judgment below as error.

The record shows that the guardian was appointed at least

as early as the 26th day of March, 1856, for on that day he received of the ward's estate the sum of $4,052.15. After this, on the 11th day of April, 1871, citation was issued out of the Probate Court of Marengo County, in this State, requiring the guardian to appear at the place appointed by law, on the 8th day of May, 1871, and file his account and vouchers for a settlement of his said guardianship. On this citation is the following indorsement, to wit : " I hereby accept service of within citation, this 26th day of April, 1871. H. C. Childress." On the day thus appointed, the guardian failed to appear, and the cause was continued from time to time, until the 15th day of June, 1871. On that day, the court proceeded, and stated the account of the guardian in his absence, from the evidence in the judge's office, and such other evidence as was adduced before the court. From this statement of the guardian's account it appears that there was " a balance in the hands of said guardian of $12,792.20. The 17th day of July, 1871, was appointed a day to hear and pass upon said account, and notice was ordered to be served on the guardian, requiring him to appear in court on said 17th day of July, 1871, and show cause, if any he had, why the account as stated by the court should not be passed, and the proper decrees made upon it. A notice, or citation, was issued upon this order requiring the guardian to appear before said court of probate and contest said account, on the 10th day of July, 1871. This notice was served on the guardian on the 26th day of June, 1871 ; and on the 17th day of July, 1871, the court below confirmed and passed the account stated as aforesaid, and entered judgment for the amount thereof against the said H. C. Childress, guardian, as aforesaid ; but it does not appear that the guardian made any appearance to said notice last said ; nor does the decree of the court show that he had any notice of such proceeding, except the notice fixing the 10th day of July, 1871, for the day of hearing.

1. In the settlement of the accounts of guardians, and in all the preparatory proceedings thereto, the law applicable to executors or administrators in like cases applies. Rev. Code, § 2449. When a guardian removes from this State without making final settlement, or upon citation to appear and make *final* settlement fails to attend, without showing sufficient cause therefor, the judge of probate may proceed and state the account in his absence, from the materials in his office and such other testimony as may be adduced. Rev. Code, § 2448. A guardian is bound to make both *annual* and *final* settlements of his account with the judge of probate, and even settlements more frequent than annual if required by the court. Rev. Code, §§ 2421, 2422. The proceeding in this case does not show that

[Childress v. Childress.]

the purpose of the court was to require the guardian to make a final settlement of his account. It is not so alleged, nor are the facts such as, in the initiation of the proceeding, to justify this method of procedure. It was, then, attempted without warrant of law. Rev. Code, § 2448. The manner of proceeding, in a proper case, is shown in the Code. Rev. Code, §§ 2153, 2154, 2155, 2156. These sections of the Code require two citations before the final decree, even in a proper case; and they should be served upon the guardian by a proper officer of court, or service should be shown to have been proven in a proper manner. Or it should be shown that the guardian appeared in person, or by attorney, on the return of the citation, to answer it. This was not done. The court, then, did not take jurisdiction of the cause, in this stage of the proceeding, in the manner allowed by law. Then, when the account was stated by the judge of probate as shown in the record, it was a mere *ex parte* proceeding, and the guardian was not bound to notice it until the second citation was issued and served upon him. The second citation required the guardian to appear, and file his account and vouchers on the 10th day of July, 1871; but the record does not show that the guardian failed, *on the day stated in the citation*, to appear and file his account and vouchers for settlement as required by law. This the law requires; and as the proceeding is somewhat summary, it ought not to be dispensed with. Rev. Code, § 2155. The day fixed in the order of the court for the appearance of the guardian was the 17th day of July, 1871, and in the citation it was the 10th day of July, 1871. The court followed the date of the order for the day of its final action, when the statute required that the date stated in the citation should govern. The difference between the two was a whole week. Such irregularities cannot be approved.

2. But the objection to the judgment is still more serious than that to the proceeding anterior to the judgment. The account stated by the court shows that the guardian received on the 26th day of March, 1856, the sum of $4,052.15. On this sum he is charged $8,740.05. Compound interest for 15 years and 4 months. A guardian is not liable to be charged compound interest, unless he is guilty of such gross neglect as is evidence of fraud. *Bryant* v. *Craig*, 12 Ala. 354. It is not to be presumed that there was such evidence in the records of the Probate Court; and the only grounds of such a charge was the omission to make the usual annual settlements. This was not enough. 12 Ala. 354, *supra*. The law, as laid down in the case last above cited, has not been changed by any statute. "It is the duty of a guardian to charge compound interest upon debts after maturity, and for any compound interest

received by him he is chargeable. But this law does not relate to the interest chargeable against the guardian on funds in hand." *Brand* v. *Abbott*, 42 Ala. 499; *Calhoun* v. *Calhoun*, 41 Ala. 369; *Tyson* v. *Sanderson*, 45 Ala. 364. The decree of the court below was therefore erroneous, in charging compound interest, when only simple interest should have been allowed. The decree of the court below must therefore be reversed. And although the facts stated in the record are such that a judgment might be here rendered, yet such has been the irregularity in the proceedings below that such judgment here might not do justice between the parties, and the cause will therefore be sent back for a new trial in the court below.

The judgment of the court below is consequently reversed, and the cause is remanded for a new trial.