# Thompson, Guardian, *v.* Hartline.

*Final Settlement of Guardian's Accounts.*

1. *Order removing guardian at special term.*—An order removing a guardian, made at a special term, without continuance from a regular

[Thompson, Guardian, v. Hartline.]

term, is not void; and not having been appealed from, nor objected to, on that ground, when the guardian appeared and filed his accounts and vouchers for settlement, its validity can not be assailed on appeal from the decree then rendered against him.

2. *Specific objection as waiver of others.*—When a guardian appears, in answer to a citation requiring him to file his accounts and vouchers for final settlement, and makes a specific objection to the proceedings, this is a waiver of all other grounds of objection.

3. *Joinder of orders.*—An order removing a guardian, and an order requiring him to file his accounts for final settlement, may be made at one and the same time, and may be embraced in one entry.

4. *Proof of value of services; what witness may state.*—As proving the value of services rendered by a minor for a guardian, in whose house she lived, a witness can not be allowed to testify that her services "were worth as much as her board."

APPEAL from Cherokee Probate Court.

Heard before Hon. R. R. SAVAGE.

J. L. BURNETT, for appellant.

MATTHEWS & DANIEL, *contra.*

STONE, C. J.—One of the objections urged in this case is, that the order removing Thompson from the guardianship, being made out of term time, and at a time to which there had been no adjournment from a regular term, is invalid. *Boynton v. Nelson,* 46 Ala. 501, and *Childress v. Childress,* 49 Ala. 237, are relied on in support of this view. The order in this case was not appealed from, and hence the question comes up collaterally in the present proceeding. To avail anything, presented as it is, it must be on the ground that the order was void, that Thompson is still guardian, and hence he could not be brought to a settlement.

On the day on which the citation required Thompson to appear and file his account-current and vouchers for a settlement, he appeared by himself and counsel. He objected to being brought to a settlement, but not on the ground that he had not been legally removed from the guardianship. His exact objection is in the following language:

"Comes the movent, F. M. Thompson, and moves to strike the citation issued by the court 20th July, 1886, and demurs to the same, because court can not, on an order removing guardian, also order guardian to file acct. (account) and vouchers for final settlement."

The motion and demurrer being overruled, the guardian thereupon filed his account current, on which the settlement was had. Objecting on one ground—the joinder of two

[Thompson, Guardian, v. Hartline.]

orders in one—was a waiver of all others.—*Floyd v. State*, 82 Ala. 16; *Garrett v. Trabue, Ib.* 227; *Co. Comm'rs v. Woodstock Iron Co. Ib.* 151; *Jaques v. Horton*, 76 Ala. 238; 3 Brick. Dig. 444, § 574. There was no error in making both orders at one and the same time, nor in embracing them in one and the same entry. The motion and demurrer as made were properly overruled.

In one respect, however, the Probate Court erred. The witnesses, J. A. Leath and Mrs. Leath, were permitted, against objection, to testify that the services rendered by the ward to the guardian "were worth as much as her board." This was not the proper mode of arriving at the facts, even if the witnesses had complete knowledge of all the services she rendered. This they did not profess to have. It was permissible to prove what services they had seen her render, and for what length of time, according to their best recollection; and the value of her services by the day, week, or month, as the case may be. And they could also give their judgment of the customary price of board in the neighborhood, if they had sufficient knowledge to speak of it. All else, however, it was the duty of the court to determine. And in arriving at his conclusions, he should ascertain, as accurately as the testimony enables him to do, in favor of the guardian, what, according to the custom of the country, was a reasonable price for such board as he furnished, including her washing to the extent it was furnished to her, if at all; and of all other services necessary or useful that were done for her. Against this comes up the counter claim of the ward for services rendered. The burden of proving this rests on the ward, precisely as if she was suing to recover for such services. She is entitled to a proper allowance for all services she makes reasonable proof she has rendered, at customary rates, and she is entitled to no more. If at any time, she was absent from service to the guardian for any reason, or for no reason, or if there is failure of proof of service for any particular time or times, she should have no allowance for such time or times.—*Minniece v. Jeter*, 65 Ala. 222; Rapalje Law of Witnesses, § 287; *Hathaway v. Brown*, 22 Min. 214; *Atl. & Gr. Wes. R. R. Co. v. Campbell*, 64 Amer. Dec. 607; *Harwood v. Pearson*, 60 Ala. 410.

There is nothing in the other questions.

Reversed and remanded.