(102 So. 61)

## NEWSOME v. LOUISVILLE & N. R. CO. (8 Div. 213.)

(Court of Appeals of Alabama.  Nov. 5, 1924.)

**1. Negligence ⬥⟳119(4)—Specific counts do not authorize recovery on unspecified negligence.**

Under counts specifically setting out initial negligence, plaintiff could not recover for negligence not specified, or occurring after discovery of peril.

**2. Negligence ⬥⟳119(2) — Subsequent negligence provable under general count.**

Subsequent negligence may be proved under count alleging negligence generally.

**3. Railroads ⬥⟳395—General count for frightening horse held to authorize recovery for subsequent negligence in emitting steam.**

In action for injuries to horse, count averring in general terms that horse was frightened and ran away owing to negligence of defendant's employees in operating engine, authorized recovery for subsequent negligence consisting in emission of steam from locomotive.

**4. Railroads ⬥⟳401(8)—Charge held erroneous as not requiring contributory negligence to be proximate cause of injury by frightening horse; "remote"; "remote cause"; "slightest."**

In action for damages from frightening horse by escaping steam from locomotive, charge that, if "condition of the horse, his nervousness, contributed, even in a remote degree, to the injury occasioned, * * * plaintiff would be barred of recovery," held erroneous, as not requiring contributory negligence to be proximate cause of injury; "slightest" and "remote," as applied to degree of negligence, being synonymous, "remote" meaning inconsiderable, slight, and "remote cause" a cause operating mediately through other causes to produce effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remote—Remoteness; Remote Cause; Slight.]

**5. Negligence ⬥⟳82—Plaintiff's negligence must be concurring proximate cause of injury.**

To be available under plea of contributory negligence plaintiff's negligence must be concurring proximate cause of injury, and not remote cause or mere antecedent occasion or condition.

**6. Railroads ⬥⟳396(1) — Plaintiff averring emission of unnecessary volume of steam frightening horse assumed burden of proof.**

In action for damages from frightening horse hitched near track, plaintiff, averring emission of unnecessary volume of steam, assumed burden of proving it, and charges imposing such burden were proper.

**7. Railroads ⬥⟳360(2)—Negligent frightening of horses by steam actionable.**

When engine is managed in such reckless or negligent manner as to frighten horses and

cause them to run away, company is liable for consequences, as where engineer suddenly discharges jet of steam near passing team.

**8. Trial ☞194(15)—To knowingly hitch horse in close proximity to track is not contributory negligence.**

Charge that to knowingly hitch ' horse, easily frightened, in close proximity to track, is contributory negligence, *held* invasive of province of jury.

**9. Trial ☞256(9) — Charge on liability for frightening horse by steam held proper.**

In action for damages resulting from frightening horse, charge that defendant had right to use the track along the street, and in such use to make the usual noises and emission of steam which were incident to operation of its engine, was not error in absence of request for explanatory charge.

**10. Railroads ☞360(2)—Charges on liability for frightening horse by operation of train, held proper.**

In action for damages resulting from frightening of horse hitched near track, certain charges exonerating defendant from results of reasonable operation of trains, and requiring plaintiff to prove unnecessary emission of steam, *held* proper.

**11. Appeal and error ☞1064(1)—Charge, in action for injuries to horse hitched near track, held not reversible error though argumentative.**

In action for damages from frightening of horse hitched near track, charge "noise may be unusual to persons and horses not accustomed to it, and usual as signals and incident to running, movements, and operations of an engine," being a correct statement of law, though argumentative, was not reversible.

**12. Evidence ☞474(19)—Owner may testify as to value.**

One not an expert may testify as to value of horse which he has owned and knows well.

**13. Evidence ☞471(2)—Comparison of horse with others owned by witness held mere conclusion.**

In action for injuries to horse, statement of witness, "I think he was as good a horse as I ever drove," was properly excluded as mere conclusion.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Action by T. J. Newsome against the Louisville & Nashville Railroad Company for damages resulting from the frightening of a horse by a locomotive engine. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

On the trial of the case defendant's witness Stubblefield testified that he had owned the horse in question, and that the horse was skittish and scared of locomotives, that he saw the horse shortly before the injury and he seemed to be in good shape; and that "I think he was about as good a horse as I ever drove." On motion of defendant, the court excluded the quoted statement, and to this ruling plaintiff reserved an exception.

These charges were given at defendant's request:

"1. I charge you, gentlemen, that the burden of proof is on the plaintiff to prove to your reasonable satisfaction that there was an unusual emission of steam, or that the engine in its operation, made an unusual or unnecessary noise.

"2. The defendant has as much right to use the track on the street as plaintiff had to use the street, and defendant is not liable for the injuries caused by the frightening of the horse unless the evidence shows to your reasonable satisfaction that an escape of the steam was unnecessarily caused by the defendant's agents or servants.

"3. I charge you, gentlemen of the jury, there is no presumption in this case that said plaintiff's horse was frightened by the emission of an unusual amount of steam from defendant's engine.

"4. I charge you, gentlemen of the jury, that noise may be unusual to persons and horses not accustomed to it, and usual as signals and incident to the running, movements, and operations of an engine.

"5. I charge you, gentlemen of the jury, that the authority to operate a railroad includes the right to make the noises incident to the movement and operation of its engine, as in the case of escape of steam and rattling of cars; and also to give the usual and proper admonitions of danger, as in the sounding of whistles, and the ringing of bells, and a railroad, in the exercise of such rights is not liable for injuries occasioned by horses, when being driven or hitched along the highway, taking fright at noises occasioned by the lawful and reasonable exercise of its rights and duties, and I charge you that the plaintiff's horse hitched upon the highway, and the defendant operating its trains over the tracks, were each bound to use their privileges with reasonable precautions, prudence, and diligence, and the defendant had the right to make all the reasonable and usual noises incident to the running of its train.

"6. I charge you that it is the duty of the plaintiff to establish by the evidence, to your reasonable satisfaction, that the act complained of was unnecessary, and if you are not so reasonably satisfied from the evidence that this act was so shown, your verdict should be for the defendant.

"7. I charge you, gentlemen of the jury, that the burden of proof is upon the plaintiff to prove to your reasonable satisfaction, that the making of noise complained of was unnecessary to the skillful operation of defendant's engine.

"8. I charge you, gentlemen of the jury, that the defendant had the right to use the track along the street at the time of this occurrence, and it had the right in the use of the said track, to make the usual noises and emission of steam which are incident to the operation of its engine.

"9. I charge you, gentlemen of the jury, if you believe from the evidence that the plain-

tiff knowingly hitched a horse, easily frightened, in close and dangerous proximity to defendant's track, then he would be guilty of contributory negligence.

"10. I charge you, gentlemen of the jury, that the defendant in this case had the right to use its tracks and to make all the usual noises incident to the running and moving of its engine, and to make all the usual emissions of steam which is incident to the running and moving of its train, and if you are reasonably satisfied from the evidence that only such amount of steam was emitted, and only such noises were made, then it is your duty to return a verdict for the defendant."

"A. I charge you, gentlemen of the jury, that railroad companies had [have] a right to operate their trains; that such companies have the right to make all the usual noises and emissions of steam incident to the operation of trains; and that negligence alleged to have resulted in frightening [an] animal cannot be predicated upon the operation of a train, unless in so doing unnecessary noises or emissions of steam were made, and these noises, or the movement of the train, or the emission of steam, were recklessly or wantonly made or done after the discovery of peril, or were made or done with the intention of frightening the animal in question.

"B. I charge you, gentlemen of the jury, the authority to operate a railroad includes the right to make the noise incident to the movement and workings of its engine, as in the escape of steam, and the rattlings of cars; and also to give the usual and proper admonitions of danger, as in the sounding of whistles and the ringing of bells. It is not liable for injuries occasioned to horses hitched along the highway or street taking fright at noise occasioned by the lawful and reasonable exercise of these rights and duties."

S. A. Lynne, of Decatur, for appellant.

Contributory negligence, to be available as a defense, must be a concurring proximate cause of the injury. Montgomery G. L. Co. v. Montgomery & E. R. Co., 86 Ala. 372, 5 So. 735; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; S. A. L. v. Laney, 199 Ala. 657, 75 So. 15. Negligently hitching a horse easily frightened in close proximity to a railway track in a city street is not, as matter of law, negligence contributing to the injury. Montgomery S. R. Co. v. Hastings, 138 Ala. 432, 35 So. 412. The right of the public and the railroad to use the street must be exercised with due regard for the rights of the other, in a reasonable and duly careful manner, depending upon the circumstances of each case. Sou. Ry. v. Crenshaw, 136 Ala. 573, 34 So. 913; St. L. & S. R. v. Neely, 63 Ark. 636, 40 S. W. 130, 37 L. R. A. 616; O'Neil v. Dry Docks Co., 129 N. Y. 125, 29 N. E. 84, 26 Am. St. Rep. 512; Elliott on R. R. (3d Ed.) § 1443. Although plaintiff was guilty of negligence in hitching his horse near the track, yet if the engineer discovered the frightened condition of the horse in time to avoid injury, but failed, defendant is liable. Manion v. Lake Erie, 40 Ind. App. 569, 80 N. E. 166; N. A. T. Co. v. Thomas, 164 Ala. 191, 51 So. 418; Elliott, § 1445; A. G. S. v. Hall, 133 Ala. 367, 32 So. 259; L. & N. v. Jenkins, 196 Ala. 136, 72 So. 68; Oates v. Metropolitan S. R., 168 Mo. 535, 68 S. W. 906, 58 L. R. A. 449; 2 Thompson on Neg. § 1420; Clark's Acci. Law, 336. The discharge of a sudden jet of steam at and near a horse establishes a prima facie case of liability. L. & N. v. Jenkins, supra; Clark's Acci. Law, 338.

Eyster & Eyster, of Albany, for appellee.

Under the pleadings, plaintiff was not entitled to recover as for simple subsequent negligence. L. & N. v. Lowe, 158 Ala. 394, 48 So. 99. Railroads are not liable for injuries occasioned by horses, driven or hitched along the highway, taking fright at noises occasioned by the lawful and reasonable exercise of its rights and duties. Code 1907, § 5473; Stanton v. L. & N., 91 Ala. 386, 8 So. 798; C. of G. v. Fuller, 164 Ala. 199, 51 So. 309. Such noises, etc., must be made or done recklessly or wantonly, after discovery of peril. L. & N. v. Kelly, 198 Ala. 651, 73 So. 953. Plaintiff was guilty of contributory negligence. A. G. S. v. McWhorter, 156 Ala. 277, 47 So. 84.

FOSTER, J. This is an action by T. J. Newsome against the Louisville & Nashville Railroad Company for damages for injuries to a horse and damage to a buggy and harness, because of the alleged negligent acts of the defendant.

The complaint contained three counts. On the issues submitted to the jury a verdict was rendered for the defendant and from the judgment rendered on the verdict the plaintiff prosecutes this appeal. Each count of the complaint contained averments of fact showing a substantial cause of action.

The first count avers that the defendant company was operating with steam a locomotive along a street in the city of Decatur, and that the engineer in charge negligently allowed or caused the steam to escape, which was calculated to frighten a horse of ordinary gentleness, as was the horse of plaintiff, and that the sight and noise frightened the horse which was hitched to a regular hitching post on the street, and caused him to run away and break the buggy to which he was attached, and so frightened the horse as to permanently injure him and render him of less value.

The second count avers that while the horse was standing hitched to the post on the street an agent or servant of the defendant in charge of the locomotive and in the line and scope of his employment, negligently caused the locomotive to emit, with a loud noise, a large and unnecessary vol-

ume of steam, which came near to or enveloped the horse causing him to take fright, etc.

The third count avers that the horse was hitched within a few feet of the railroad track and within sight of defendant's employees in charge of its locomotive; the horse took fright and ran away "owing to the negligence of the defendant's employees in running and managing said locomotive engine," etc. The defendant pleaded the general issue with leave to give in evidence any matters which would constitute a good defense if specially pleaded.

[1] Counts 1 and 2 specifically set out the initial negligence upon which plaintiff relied to fix liability, and under these counts he could not recover for negligence not specified; any negligence occurring after the discovery of peril is not embraced in these counts, and for such subsequent negligence there can be no recovery. L. & N. R. R. Co. v. Lowe, 158 Ala. 394, 48 So. 99.

[2] Subsequent negligence may be proved under a count alleging negligence in general terms. In L. & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812, it was held that a count alleging that the employees in charge of a train on defendant's railroad so negligently managed it that the engine ran against plaintiff's intestate at a public road crossing proximately causing his death, was sufficient to authorize a recovery for subsequent negligence. Hines, Director General, v. Champion, 204 Ala. 227, 85 So. 511; A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84.

[3] The third count of the complaint avers negligence in general terms, and also avers that the horse was hitched to a post near the railroad track "and in sight of defendant's employees in charge of its locomotive." A recovery for subsequent negligence may be had under this count.

[4, 5] The first assignment of error relates to the court's oral instructions to the jury. The excerpt from the oral charge to which exception was reserved is as follows:

"Gentlemen of the jury, if you should find that this horse was scared or afraid of the train, and was afraid of the emission of the steam, and if you further find that the plaintiff hitched the horse there in front of the store and that this condition of the horse, his nervousness, contributed, even in a remote degree to the injury occasioned, then the plaintiff would be barred of recovery on account of his contributory negligence, because, if his own act was negligent, and that act contributed to the injury occasioned, then negligence on his part would bar him of the recovery, because the law will not allow a man to contribute to his own injury, to help and be a part of his own injury, and permit him to recover for any damages occasioned."

The negligence of the plaintiff must be a concurring proximate cause of the injury in order for such negligence to be available under the defendant's plea of contributory negligence. Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702; North Birmingham St. Ry. Co. v. Calderwood, 89 Ala. 247, 7 So. 360, 18 Am. St. Rep. 105; Montgomery Gas Co. v. Railway Co., 86 Ala. 372, 5 So. 735.

Plaintiff's act or omission, when only a remote cause or a mere antecedent occasion or condition of the injury, is not contributory negligence. L. & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 261, 28 So. 438, 50 L. R. A. 620.

In McCaa v. Thomas, 207 Ala. 211, 92 So. 414, the court condemned charges to the effect, "if the jury believe from the evidence that plaintiff's negligence or failure to exercise reasonable care in the *slightest degree* contributed to his injuries, he cannot recover," and declared the rule to be, "His negligence or failure to exercise reasonable care must have contributed *proximately* to his injury." This is the established rule in this state. Seaboard Air Line Ry. Co. v. Laney, 199 Ala. 654, 75 So. 15; Tenn. Co. v. Bridges, 144 Ala. 229, 39 So. 902, 113 Am. St. Rep. 35.

There is no difference between the words "slightest" and "remotest" as applied to the degree of negligence. "Remote" is defined as inconsiderable, slight; and "remote cause is a cause operating mediately through other causes to produce an effect." Standard Dictionary.

If the facts set up as constituting plaintiff's negligence created a condition or a status which "even in a remote degree" contributed to the injury, the plaintiff was not debarred from a recovery by reason of such alleged contributory negligence. If the plaintiff hitched the horse to the post and "the nervousness of the horse contributed even in a remote degree to the injury" the plaintiff was not debarred from a recovery. No negligence of the plaintiff which remotely contributes to the injury will debar him from a recovery. The court fell into error in giving the oral instructions to which exception was reserved.

[6, 7] Charges 1, 2, 6, 7, and 10 were properly given as to count 2. In said count the plaintiff assumed the burden of proving that an unnecessary volume of steam was emitted from the engine. And we recognize as a correct principle of law that "when an engine is managed in such a reckless and negligent manner as to frighten horses, and cause them to run away, the company is liable for the consequences—as where the engineer suddenly discharges a jet of steam near a passing team." L. & N. R. R. Co. v. Jenkins, 196 Ala. 140, 72 So. 70. But when the plaintiff avers that an unnecessary volume of steam was emitted from the engine, the burden is upon him to prove the averment to the reasonable satisfaction of the jury. Such is the effect of the said charges.

[6] Charge 9 was invasive of the province of the jury. It cannot be said as a matter of law that it was contributory negligence

'for the plaintiff to knowingly hitch a horse easily frightened in close proximity to plaintiff's track. Montgomery Street Railway Co. v. Hastings, 138 Ala. 446, 35 So. 412.

[9] Charge 8 states a correct proposition of law. The plaintiff could have requested an explanatory charge if he had so desired.

[10] Charges 3, 5, A, and B state the law correctly. Stanton v. L. & N. R. R. Co., 91 Ala. 386, 8 So. 798; Oxford Lake Line Co. v. Stedham, 101 Ala. 378, 13 So. 553.

[11] Charge 4 is argumentative, but the giving of the charge is not error to reversal as it is a correct statement of the law.

[12] A witness may give his opinion as to the value of a horse which he has owned and knows well, although he is not an expert. Rawles v. James, 49 Ala. 183; Railroad Co. v. Moody, 92 Ala. 279, 9 So. 238.

[13] A witness may not be allowed to testify "I think he was as good a horse as I ever drove," as this is a mere conclusion. Thompson v. Hartline, 84 Ala. 65, 4 So. 18.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.