## NEWSOME v. LOUISVILLE & N. R. CO.
### (8 Div. 403.)

(Court of Appeals of Alabama.   Oct. 26, 1926.)

1. **Railroads** ⟜395—**Under count charging engineer with continuing to propel engine after realizing horse was frightened, proof engine was emitting unusual quantity of steam held unnecessary.**

Under count entitling plaintiff to recover on proof that railroad engineer continued to propel engine after realizing that plaintiff's horse being frightened and would probably run away, proof that engine was emitting an unusual quantity of steam, or making an unusual noise, *held* unnecessary.

2. **Trial** ⟜260(1).

Refusal to give proper requested charge covered by oral charge is not ordinarily reversible error.

3. **Trial** ⟜243.

Requested charge in conflict with court's oral charge is misleading and should not be given.

4. **Appeal and error** ⟜1067.

Where court in oral charge stated correct rule of law and at request of defendant gave written instruction in conflict with oral charge, refusal of written charge requested by plaintiff conforming to oral charge was reversible error.

5. **Railroads** ⟜381(7)—**Requested charge that it is not negligence as matter of law to hitch horse easily frightened in close proximity to railroad tracks held properly refused.**

In action for injuries sustained by frightening of plaintiff's horse by locomotive, requested

charge that it is not, as a matter of law, negligence contributing 'to injury to negligently hitch horse easily frightened in close proximity to railroad track in a city street, *held* properly refused.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by T. J. Newsome against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Charge A, refused to plaintiff, is as follows:

"It cannot be said, as a matter of law, to be negligence contributing to the injury to negligently hitch a horse easily frightened in close proximity to a railway track in a city street."

S. A. Lynne, of Decatur, for appellant.

Charge A, refused to plaintiff, states a correct proposition of law. Montgomery St. Ry. Co. v. Hastings, 138 Ala. 432, 35 So. 412. Although plaintiff was guilty of negligence in hitching his horse near defendant's track, yet if the engineer discovered the fright of the horse in time to avoid causing it to break and run away by the exercise of reasonable care, but failed to exercise such care, defendant is liable. Manion v. Lake Erie & W. R. Co., 40 Ind. App. 569, 80 N. E. 166; North Alabama Traction Co. v. Thomas, 164 Ala. 191, 51 So. 418; Elliott, R. R. (3d Ed.) § 1445; Louisville & N. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68. The refusal of plaintiff's charge 2 and the giving of defendant's charge 1 was error. Newsome v. Louisville & N. R. Co., 20 Ala. App. 349, 102 So. 63.

Jones & Thomas, of Montgomery, and Eyster & Eyster, of Albany, for appellee.

Counsel discuss the questions raised, and cite Stanton v. Louisville & N. R. Co., 91 Ala. 386, 8 So. 798; Louisville & N. R. Co. v. Kelly, 198 Ala. 651, 73 So. 953; Central of Georgia R. Co., v. Fuller, 164 Ala. 199, 51 So. 309.

SAMFORD, J. A report of this case on former appeal may be found in 20 Ala. App. 349, 102 So. 61. The facts necessary are there stated. On this appeal there are but three assignments of error insisted upon in brief and they alone will be considered.

[1] The first assignment of error relates to the refusal of the court to give at the request of plaintiff the following charge:

"I charge you that the plaintiff in this cause may recover under the third count, if from the evidence the jury finds that he is entitled to recover, notwithstanding you may find from the evidence that the engine was neither emitting an unusual quantity of steam nor that it made an unusual or unnecessary noise."

[2-4] The third count of the complaint alleges the negligence of the defendant in general terms, and it was not necessary under this count to prove that the engine was either emitting an unusual quantity of steam or that it made an unusual or unnecessary noise. The plaintiff was entitled to a recovery under this count upon satisfactory proof that plaintiff's horse became frightened at the forward and continued progress of defendant's engine after the engineer realized that the horse was being frightened by the approach of the locomotive and would probably break loose and run away if the approach was continued, and, notwithstanding these facts, the engineer continued to propel the locomotive forward and thereby increased the fright of the horse and caused him to run away and as a proximate result plaintiff was injured. The charge correctly states a part of the law of the case and should have been given. Newsome v. L. & N. R. Co., 20 Ala. App. 349, 102 So. 61. It is urged per contra that this charge is fully covered by the court in his oral charge. That is a fact and for that reason we would not reverse this case upon this assignment, but for the further fact that after the oral charge was given the court, at the request of defendant, gave this charge:

(1) "The burden of proof is on the plaintiff to prove to your reasonable satisfaction that there was an unusual emission of steam or that the engine in its operation made an unusual or unnecessary noise, under the third count of his complaint."

This last charge, confined as it was to the third count of the complaint, was in conflict with the court's oral charge, was, to say the least, misleading, and should not have been given. Having been given as requested by defendant, the usual rule of refusing to reverse, where the same rule has been given, does not apply in this case. The court in his oral charge states a correct rule as applicable to the third count; it, then, at the request of defendant, gave a written instruction apparently in conflict and refused a written charge requested by plaintiff conforming to the rule announced in the oral charge. This is error to a reversal.

[5] Plaintiff's charge A was properly refused. We have read the case of Montgomery St. R. Co. v. Hastings, 138 Ala. 432, 446, 35 So. 412, 413, wherein it is held that:

"It cannot be said, as matter of law, to be negligence, contributing to an injury suffered in a collision with a street car, to drive a horse which is 'afraid or skittish of the street car' on a narrow street in which there is a railway track."

But that case presents a different question from the case at bar. It is one thing to drive a "skittish" horse along a narrow street along which is a street car track and quite another to "negligently hitch a horse easily frightened in *close* and *dangerous* proximity to a railway track in a city street." The one admits possible danger dependent upon the

ability of the driver to handle the horse; the other admits a real danger. The refusal of this charge was not error.

From what has already been said it follows that the court committed error in giving at the request of defendant charge (1). Ala. G. S. R. Co. v. Hall, 133 Ala. 367, 32 So. 259; Oats v. Met. St. Ry. Co., 168 Mo. 535, 68 S. W. 906, 58 L. R. A. 449.

For the errors above pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.