# Seaboard Air Line Railway Co. v. Laney.

### Personal Injury.

(Decided April 5, 1917.  75 South. 15.)

1. **Negligence; Contributory Negligence; Wanton Negligence.**—In a passenger's action for injury alleging willful or wanton conduct of defendant's servants in running its train, plaintiff's contributory negligence is not a defense.

2. **Railroads; Injuries; Contributory Negligence.**—Contributory negligence is a defense to an action against a railroad based upon its negligence after discovering plaintiff's dangerous position near its tracks while a train on which she intended to become a passenger was approaching a station.

3. **Carriers; Injury to Passenger; Jury Question; Contributory Negligence.**—Whether plaintiff was guilty of contributory negligence in standing near defendant railroad's tracks while its train on which she intended to become a passenger was approaching the station held a jury question.

4. **Appeal and Error; Injury to Passenger; Instructions; Willful Negligence.**—Refusal to give requested instruction that defendant railroad was guilty of willful or wanton conduct only if it acted with reckless indifference and consciously or intentionally did some wrongful act, etc., is reversible error.

5. **Trial; Instructions; Willful Negligence.**—Refusing a requested instruction properly stating defendant railroad's liability for wanton or willful conduct is reversible error where the given charges related only to wantonness and to the engineer's acts, although the fireman was equally guilty.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by Ellender Laney by her next friend against the Seaboard Air Line Railway Company for damages for personal

[Seaboard Air Line Railway Co. v. Laney.]

injuries. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW for appellant. ERLE PETTUS for appellee.

MAYFIELD, J.—Plaintiff, a young lady 19 years of age, went to a station on the railroad to board one of appellant's passenger trains. At the station plaintiff and a number of her friends and others, some of whom were intending to become passengers, were standing or walking on or near the railroad track, awaiting the train which was due to arrive within a few minutes. As the train was approaching the station for the purpose of taking on and discharging passengers, etc., plaintiff was standing very near one of the rails of the track at about the end of the cross-ties, with her back toward the oncoming engine. She remained in the position indicated without moving until the sill of the engine's pilot struck her, knocking her about 30 feet.

Plaintiff testified that she never saw or heard the approaching train or engine until it struck her, although she was there awaiting its coming and knew it was due to arrive at about that time. She also testified that she heard no whistle or bell announcing the approach of the train.

The evidence was in conflict as to how often the whistle was sounded, and at what points, and for what purposes, and also as to whether the bell was being rung continuously on the approach.

The complaint contained five counts; but all were eliminated except two, counts 3 and 5. Count 3 declares as for wanton or willful conduct on the part of the servants or agents of the defendant, resulting in injury to the plaintiff. The fifth declared on subsequent negligence; that is, negligence after discovery of plaintiff's peril.

Demurrers were overruled to each of the counts, and demurrers were sustained to all special pleas; and the trial was had on the general issue as to these counts, resulting in verdict and judgment in favor of plaintiff for $2,000. From the judgment defendant prosecutes this appeal.

OPINION.

(1) There was no error in overruling the demurrer to either of these two counts. There was likewise no error in sustaining

[Seaboard Air Line Railway Co. v. Laney.]

the demurrer to each of the special pleas attempting to set up contributory negligence on the part of plaintiff. Such pleas, of course, were not availing to the third count, which declared as for wanton or willful injury. Some of them were not sufficient answers to count 5 as last amended, but some were good answers thereto; but the court sustained demurrer to each of these pleas, stating that if the pleas were good the defendant could take advantage of the defense under the general issue; and the trial seems to have been had on that theory. The court instructed the jury to such effect. This instruction would probably have cured the error as to the rulings on the pleadings, because thereunder it would have appeared that no injury resulted; but the trial court seems to have changed opinion on this subject before the case was submitted to the jury; as the court in effect instructed the jury that there was no question of contributory negligence before them.

(2) The bill of exceptions contains the following recitals as to this matter:

"The court also after the conclusion of the oral charge withdrew those parts of said charge relating to contributory negligence as a defense to that count of the complaint charging subsequent negligence on the part of the defendant; that is, the court withdrew those portions of said oral charge to the effect that contributory negligence on the part of the plaintiff was a defense to that count of the complaint charging subsequent negligence on the part of the operatives of the defendant's engine.

"The defendant then and there, in open court, and in the presence of the jury, and before it retired, duly and legally excepted to the action of the court in withdrawing from the jury that part of said oral charge to the effect that contributory negligence on the part of the plaintiff was a defense to the subsequent negligence count of the complaint."

This, of course, had the effect of depriving the defendant of the defense of contributory negligence as to count 5, and was error to reverse.

Contributory negligence is a special and affirmative defense; to be availing it must be pleaded specially, and no other acts of negligence than those specially pleaded can be proven, and, if proven, cannot be made a predicate for a verdict for the defendant.—*Sloss-Sheffield Co. v. Hutchinson*, 144 Ala. 221, 40 South. 114; 6 Mayf. Dig. 664.

[Seaboard Air Line Railway Co. v. Laney.]

In order to sustain the defense of contributory negligence, the conduct of plaintiff must have been negligence, and also have contributed proximately to the injury.—*Tenn. Co. v. Bridges,* 144 Ala. 229, 39 South. 9ʊ2, 113 Am. St. Rep. 35; 6 Mayf. Dig. 664.

Contributory negligence, to be availing as a defense, must have been at least a concurring proximate cause of the injury.— *Reaves v. Anniston Knitting Mills,* 154 Ala. 565, 45 South. 702; 6 Mayf. Dig. 664.

In order for the defendant to be guilty of negligence after plaintiff's original negligence, he must have had knowledge of plaintiff's danger and have been guilty of negligence thereafter which proximately contributed to plaintiff's injury; that is to say, the fact that defendant ought to have known of plaintiff's danger or peril is not sufficient; he must have had actual knowledge.—*Anniston Elec. & Gas. Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32, overruling *Brantley's Case,* 141 Ala. 614, 37 South. 698; 6 Mayf. 665.

From the time the danger is seen to be imminent it becomes the duty of the agents or of the engineer to use the highest degree of care to arrest it, and the failure to do so will constitute culpable negligence which may or may not fix liability as that question may be affected by contributory negligence.—*Randle v. Birmingham Ry., L. & P. Co.,* 158 Ala. 532, 48 South. 114; 6 Mayf. Dig. 665.

The original negligence of the injured person whereby he is placed in a perilous position does not in a legal sense contribute to the result in case of subsequent negligence. It is then a remote, and not a proximate, cause. It is a condition rather than a cause, and the law ascribes the injury solely to the want of due care on the part of the person controlling the agency of injury but for whose negligence no hurt would have been done notwithstanding the injured party's original negligence.—*Randle v. B. R. & P. Co., supra;* 6 Mayf. Dig. 665.

One remaining on a railroad track after becoming conscious of the immediate approach of a train instead of leaving the track is guilty of negligence subsequent to or concurrent with the negligence of the trainmen after discovery of such person's peril, which will defeat a recovery. If such person did not know of the immediate approach of the train, the rule would be different.

—A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 South. 84; 6 Mayf. Dig. 665.

(3) In this case it was a question for the jury whether or not plaintiff voluntarily remained on or within dangerous proximity to the railroad track after she knew of the immediate approach of the train, and therefore knew of the immediate, imminent character of the danger to which she actually fell a victim, and which she could easily have avoided, and therefore whether or not there was negligence on her part contributing to her own injury, which barred her right to recover, in the absence of wanton or willful wrong on the part of those persons in charge of the engine or agency which injured her.

(4, 5) The trial court also fell into error in refusing defendant's requested charge numbered 10, which was as follows:

"The court charges the jury that before a party can be said to be guilty of willful or wanton conduct it must be shown that the person charged therewith was conscious of his conduct, and conscious of his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury."

We were at first of the opinion that this charge was covered by given charges 2 and 8, but on further consideration we discover that it was not fully covered by either or both of the given charges. Charge 2 relates to wantonness only, and does not include willfulness; while charge 8 is limited to the wrongs of the engineer alone and does not extend to acts of the fireman or other agents who may have been guilty of wantonness or willfulness resulting in the injury of which complaint is made.

The correctness of charge 10 has been often reaffirmed, with the corallary that it is error to refuse such an instruction. See Rice's Case, 142 Ala. 676, 38 South. 857, and authorities there cited. The charge in question seems to have been copied from the one held good in Rice's Case. We do not say that any wanton or willful injury was shown in this case, nor do we now decide (because not necessary) that there was any evidence which would have authorized such a finding; but if such there was, certain it is that it related or was referable to the fireman as well as to the engineer, and it was error to limit this rule of law to the engineer only.

[Bank of Florala v. American Nat. Bank of Pensacola.]

We find no other error, and no question which merits further discussion at our hands.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.