(87 South. 546)

## ALABAMA, T. & N. R. CO. v. HUGGINS.
(2 Div. 725.)

(Supreme Court of Alabama.   Dec. 2, 1920.)

1. **Railroads ⬉394(7)—Plea of contributory negligence ignoring section hand's right on employer's track demurrable.**

Where the complaint alleged that plaintiff, while engaged in his duties as section hand on a track of his employer, was struck by a train operated by defendant company and that his injuries were proximately caused by the negligence of its servants, pleas setting up contributory negligence, in that plaintiff went on the track without stopping, looking, or listening, which ignored that he was at the place of injury in the discharge of the duties of his employment, are subject to demurrer.

2. **Appeal and error ⬉1040(7)—Sustaining of demurrer to pleas harmless, where matters are set up in remaining pleas.**

Where those pleas to which plaintiff's demurrer was sustained cast on the defendant master a greater burden of proof than those as to which demurrer was overruled, the error was harmless, the pleas being practically identical in setting up the negligence of the servant, a section hand, in failing to stop, look, and listen for approaching trains; for it is harmless error to improperly sustain a demurrer to a plea where defendant has the benefit of all matters set up therein under remaining pleas.

3. **Railroads ⬉397(7)—Evidence as to custom of having flagman on cars admissible.**

In an action against a railroad company by a section laborer of another company who was struck by car being pushed by an engine, where the issue was whether the injury was the result of a breach of defendant's duty in not having flagmen to keep a lookout for laborers or whether it was due to the section hand's own negligence, evidence as to the custom of having flagmen on cars so pushed is admissible.

4. **Trial ⬉251(8)—Charge requiring proof of all pleas as a condition to finding for defendant erroneous.**

In an action by a railroad company's section laborer against another railroad company, where the company set up the laborer's negligence in many different pleas, a charge that the burden was on the company to prove the truth of its pleas, and if it should fail to satisfy the jury of the truth of its pleas, or one of them, plaintiff, the laborer, could not be found guilty of contributory negligence, was erroneous, for the company might have met the burden of proof assumed by establishing the truth of any one of its pleas.

5. **Appeal and error ⬉882(12)—Party requesting erroneous written charge is bound by error contained therein.**

A party requesting in writing contradictory charges is bound by the prejudicial error they contain as a modification of the oral charge, or as conflicting with other charges given.

6. **Railroads ⬉383(2)—Stop, look, and listen rule inapplicable to track laborers.**

The stop, look, and listen rule, applicable to travelers and railroad employees not engaged in the duties of their employment, cannot apply to persons lawfully at work repairing an interchange track.

7. **Railroads ⬉369(1)—Trackmen entitled to lookout.**

It is the duty of those in charge of a train backing on an interchange track in railroad yards to keep a lookout for laborers required to be on the track.

Sayre, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by Bob Huggins against the Alabama, Tennessee & Northern Railroad Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911,. p. 449, § 6.   Reversed and remanded.

The complaint on which the case was tried sufficiently appears from the opinion.

Plea 3 is as follows:

Plaintiff himself was guilty of negligence which proximately contributed to his injury, in this, that the plaintiff negligently suffered or permitted himself to be and remain in front of the approaching train.

Original plea 2 is as follows:

Contributory negligence, in that the said plaintiff went upon the track in front of the said train which injured him without stopping, looking, and listening.

Amended plea 2 is that plaintiff went upon the track in front of the said train which injured him without stopping, looking, and listening for an approaching train.

Original plea 4 is contributory negligence, in that plaintiff, without stopping, looking, and listening, went into such close proximity to the track upon which defendant's train was as to be struck by a moving train.

Amended plea 4 is that, without stopping,

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

looking, and listening for an approaching train, plaintiff went into such close proximity to the track upon which the defendant's train was approaching as to be struck by said moving train, and as a proximate result thereof was struck by said moving train.

Original plea 5 is that plaintiff suffered or permitted himself to be and remain in such close proximity to the track upon which defendant's train was approaching as to be struck by such moving train, without looking and listening for the approach of the train.

Amended plea 5 is the same as original plea 5, except the last line, which is: "By said moving train, without looking and listening for an approaching train."

Original plea 6 is that plaintiff, without stopping, looking, and listening for an approaching train, backed into the moving train of the defendant which injured him.

Amended plea 6 is the same as original plea 6 except that the word "negligently" is interlined between the word "train" and the word "backed."

The following are the lettered pleas:

A. And for further plea in its behalf to the first count of the complaint, defendant says that the plaintiff himself was guilty of negligence which proximately contributed to his injury, in that said plaintiff went upon the track immediately in front of the train of the defendant which injured him, without stopping, looking, and listening for an approaching train.

B. And for further plea in its behalf to the first count of the complaint, defendant says that plaintiff himself was guilty of negligence which proximately contributed to his injury, in that plaintiff, without stopping, looking and listening for an approaching train, went into such close proximity to the track upon which defendant's train was then and there immediately approaching as to be struck by said moving train, and as a proximate result thereof plaintiff was injured by said moving train of defendant.

C. And for further plea in its behalf to the first count of the complaint, defendant says that plaintiff himself was guilty of negligence which proximately contributed to his injury, in that plaintiff suffered or permitted himself to be and remain in such close proximity to the track upon which defendant's train was then and there immediately approaching as to be struck by said approaching train, without looking and listening for an approaching train.

D. And for further plea in its behalf to the first count of the complaint, defendant says that plaintiff himself was guilty of negligence which proximately contributed to his injury, in this, that plaintiff, without stopping, looking, and listening for an approaching train, backed into or in front of a train of the defendant which was then and there immediately approaching, and as a proximate result thereof was injured by said moving train.

Armbrecht, Johnston & Mitchell, of Mobile, for appellant.

Court erred in sustaining demurrers to the special pleas, as each show negligence of the plaintiff as a matter of law. 89 Ala. 240, 8 South. 243; 172 Ala. 560, 55 South. 218; 184 Mass. 368, 68 N. E. 680; 57 Minn. 237, 59 N. W. 302; 178 Mo. 508, 77 S. W. 515; 20 R. I. 338, 39 Atl. 186; 54 Pac. 136; 159 U. S. 245. The court should have directed a verdict for the defendant. 92 Ala. 262, 9 South. 230; 172 Ala. 26, 54 South. 613; 200 Ala. 504, 76 South. 446. Charge 4 should have been given. 89 Ala. 240, 8 South. 243. Court erred in giving charge C for plaintiff. 149 Ala. 561, 43 South. 7; 156 Ala. 269, 47 South. 84; 153 Ala. 178, 44 South. 1032; 169 Ala. 60, 53 South. 145; 158 Ala. 652, 47 South. 574; 174 Ala. 657, 56 South. 1013; 187 Ala. 103, 65 South. 923; 190 Ala. 324, 67 South. 246.

Frank S. White & Sons, of Birmingham, Thomas F. Seale, of Livingston, and Ben F. Elmore, of Demopolis, for appellee.

The plaintiff was not a trespasser or a mere licensee, and therefore there was no error in sustaining demurrers to the pleas. 120 App. Div. 474, 104 N. Y. Supp. 910; 200 Ill. 122, 65 N. E. 656; 89 Ga. 277, 15 S. E. 365; 80 Iowa, 757, 45 N. W. 1065, 20 Am. St. Rep. 445; 158 Mass. 261, 33 N. E. 520; 33 Cyc. 764–767; 44 Minn. 61, 46 N. W. 210, 20 Am. St. Rep. 545; 124 Iowa, 238, 99 N. W. 735; 95 Minn. 49, 103 N. W. 714. The defendant was not entitled to the affirmative charge. 128 Ala. 113, 29 South. 187; 129 Ala. 523, 30 South. 623; 136 Ala. 191, 34 South. 194. Court correctly gave charge C for the plaintiff.

THOMAS, J. The suit for personal injury was tried on a count of simple negligence. Defendant's pleas, generally stated, were: (1) The general issue; (2) contributory negligence in going upon the track in front of the approaching train and in close proximity thereto, without stopping, looking, and listening; and (3) in remaining thereon in front of the approaching train.

[1] Omitting formal allegations, the count was, in part, that—

"While the plaintiff was engaged in the discharge of his duties as a section hand of the Alabama Great Southern Railroad Company, cleaning up the track in the railroad yards near the depot at York, Sumter county, and while on the track of the last-named company, he was struck by a car, or the contents of a car, being operated by the defendant, with great force and violence, knocking him down" and causing the injuries catalogued; and plaintiff "avers that his said injuries were proximately caused by the negligence of defendant's servant. or agent operating the train or locomotive engine to which said car was attached, and that said servant or agent of defendant was acting within the line and scope of his authority by the defendant."

The alleged conduct of plaintiff is assumed, as a matter of law, to be negligent, in

the pleas to which demurrers were first sustained, ignoring the averment that plaintiff was at the place of his injury in the discharge of the duties of his employment. L. & N. R. Co. v. Williams, 199 Ala. 453, 456, 74 South. 382; L. & N. R. Co. v. Naugher, 203 Ala. 557, 84 South. 262, 265; B. R., L. & P. Co. v. Williams, 158 Ala. 381, 48 South. 93.

[2] The court sustained demurrers to pleas numbered 2, 4, 5, and 6, and overruled the same to plea numbered 3. Thereafter demurrers to pleas 2, 4, 5, and 6, as amended, were overruled. Pleas A, B, C, and D, contained substantially the averments of original pleas 2, 4, 5, and 6, with the further averment that the train was immediately approaching when plaintiff did what he is averred to have done, causing his injury, and to which pleas demurrers were sustained. We are of opinion that a less burden of proof was assumed or imposed by this ruling on pleas to which demurrers were overruled than would have been imposed under pleas to which demurrers were sustained.

It is harmless error to improperly sustain a demurrer to certain pleas where the defendant has the benefit of all matters set up therein under the remaining pleas. Jackson v. Vaughn, 86 South. 469;[1] First Nat. Bank v. Chandler, 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39; Penry v. Dozier, 161 Ala. 292, 310, 49 South. 909. Such is the case where a less degree of care is exacted of the plaintiff by the pleas under which the trial was had.

[3] On the introduction of the evidence witness Harbin testified of the locus in quo of defendant's yards and track when plaintiff, engaged in the discharge of the duties of his employment, was injured by a "leading car" of a string of cars being "pushed by an engine," without a flagman stationed on or preceding the leading car causing the injury. Whereupon the following question was asked of the witness, "I will ask you to state whether or not it isn't usual to have some one on the leading car in that yard;" and he answered "Yes, sir." Again: "Where did the men usually ride? The way these cars were being pushed? Which place would he be, on this end or that end? Where did he usually stay?" To which answer was made, "Somewhere about the center of the car." Due objections were made and exceptions reserved to each question and answer. There was no reversible error committed in permitting such evidence, as it was a question for the jury whether the injury was the result of a breach of duty by the defendant in not having a flagman on the leading car or cars to keep a lookout for the laborer engaged in the discharge of his duty of maintaining and clearing the track in the yard, or

whether the injury was due to the negligent discharge by the plaintiff of the duties of his employment, in the prosecution of the work of clearing the track in the yard.

[4] The court erred in giving to the jury, at the request of the plaintiff, written charge C, which is as follows:

"I charge you that the burden is upon the defendant to prove its pleas, and if it fails to reasonably satisfy you of the truth of its pleas or one of them, then you cannot find that the plaintiff was guilty of contributory negligence."

[5] The effect thereof would not be different if there was a comma after the words "of its pleas," as is so inserted in the copy of the charge on page 10 of the record. There were several pleas setting up contributory negligence under varying facts alleged therein. The instruction in question placed upon defendant the burden of proving each of its several pleas of contributory negligence that it might be relieved of liability, notwithstanding it was the law that defendant might have met the burden of proof assumed in such pleading by showing to the reasonable satisfaction of the jury that any one of its several pleas setting forth the contributory negligence of plaintiff was true. A party requesting in writing contradictory charges is bound by the prejudicial error they contain as modification of the oral charge, or as conflicting with other charges given. B. R., L. & P. Co. v. Hunt, 200 Ala. 560, 76 South. 918.

[6, 7] Since the case will be retried, we may observe that the stop, look, and listen doctrine applies to strangers or to employees not engaged in the duties of their employment, and cannot apply to persons lawfully at work in repairing a railway track or a highway where it crosses a railway track. Such employees cannot be expected to pursue their labors and at the same time maintain a constant lookout for approaching trains. It was the duty of those in charge of such train, backing through the yard on the interchange track, to keep a lookout for laborers whose duties required them to be upon the track in constructing, repairing, or maintaining the same by clearing it of a pile of cinders discharged thereupon by an engine. L. & N. R. Co. v. Williams, 199 Ala. 453, 456, 74 South. 382; L. & N. R. Co. v. Naugher, 203 Ala. 557, 84 South. 262, 265; Thompson on Negligence, § 1839; Labatt on Master and Servant, § 332.

There was no error in refusing the affirmative charge to defendant, as a jury question was presented with respect to the negligence of defendant's servants or agents operating the train or locomotive pushing the car which inflicted plaintiff's injury.

---

[1] 204 Ala. 543.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and BROWN, JJ., concur.

SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.