(96 South. 595)

### GILLESPIE v. WOODWARD IRON CO.
### (6 Div. 805.)

(Supreme Court of Alabama. May 10, 1923.)

1. **Appeal and error** ⊫216(2)—**Waters and water courses** ⊫179(5)—**Instruction limiting damages to those caused by defendant not reversible error in omitting the word "proximate."**

In action for damages from overflow caused by obstructing a creek, a charge given for defendant limiting recovery to the amount of damages "caused" by defendant was not objectionable in omitting the word "proximately" before "caused," and in any event, was not reversible error, since, if plaintiff felt aggrieved, he should have suggested an additional or explanatory charge.

2. **Trial** ⊫252(6)—**Charges omitting reference to defendant's structures not shown by evidence to have caused damage, held proper.**

In action for damages from overflow caused by obstructing a creek, charges as to whether the damage was caused by certain structures of defendant *held* not erroneous, as omitting reference to a sump wall and dam erected by defendant; there being no evidence that these latter structures could have caused injury.

3. **Waters and water courses** ⊫179(5)—**Charge on contributory causes of overflow held properly given.**

In action for damages from overflow caused by obstructing a creek, a charge given for defendant that, if the overflow was caused partly by some act of a third party and partly by some act of defendant, but the evidence failed to show how much of the overflow was caused by defendant's act, plaintiff could recover only nominal damages, *held* proper under the evidence.

4. **Appeal and error** ⊫907(4)—**Evidence** ⊫379—**Exclusion of map held not error, or, if error, not prejudicial, in view of presumption arising from absence of all the evidence.**

In action for damages from overflow caused by obstructing a creek, it was not error to exclude a map offered in evidence by plaintiff, where plaintiff failed to show that the map correctly portrayed the situation as it existed at the time of any or all of the overflows complained of; and in any event such exclusion was not ground for reversal, where the expert who drew the excluded map also drew a map of the locus in quo on the courtroom blackboard, which he testified was correct, and which, not being reproduced in the bill of exceptions, would be assumed on appeal to have given plaintiff the full benefit of everything shown by the map excluded.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by W. H. Gillespie against the Woodward Iron Company for damages to his lands by reason of the obstruction of a creek, in consequence of which water was caused to back over and on said lands. From a judgment for defendant, plaintiff appeals. Affirmed.

The following are charges given for defendant:

(2) It is not sufficient for the plaintiff merely to show that he has been damaged by an overflow, but he must go further and show to your reasonable satisfaction the amount of such damages the Woodward Iron Company caused, and if you are unable from the evidence reasonably to determine how much of the damages, if any, was caused by the Woodward Iron Company, you cannot award the plaintiff more than nominal damages.

(4) If you believe from the evidence that the injury and damage which the evidence may show the plaintiff may have sustained by reason of water being on his lots would have been sustained, whether the slag pile and tracks of the Woodward Iron Company were there or not, you must find for the defendant.

(5) If you believe from the evidence that the water which the evidence may show to have been on the plaintiff's lots was caused to be there by reason of the embankment of the Alabama Company, and not by the slag pile or Woodward Iron Company tracks, you must find for the defendant.

(17) If you believe from the evidence that plaintiff's property did overflow, but also believe that such overflow would have occurred, whether defendant's slag pile and bridges were there or not, your verdict must be for the defendant.

(21) If you believe from the evidence that plaintiff's property was overflowed, and also believe from the evidence that such overflow was caused partly by some act of the Alabama Company and partly by some act of the Woodward Iron Company, but are unable to determine reasonably from the evidence how much of such overflow was caused by an act of the Woodward Iron Company, as distinguished from the act of such other company, you cannot award the plaintiff more than nominal damages.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

In an action for damages from an overflow, the plaintiff is only under burden to reasonably satisfy the jury as to the amount of damages proximately caused by the defendant, and the plaintiff is not under the burden to produce evidence to reasonably show the jury how much of the damages was caused by the defendant, directly or indirectly. Birmingham Waterworks Co. v. Ferguson, 164 Ala. 494, 51 South. 150; Birmingham Water-

---

⊫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

works Co. v. Martini, 2 Ala. App. 652, 56 South. 830; 13 Cyc. 28. It is error to exclude from the consideration of the jury, by written charges, any phase of the case supported by the evidence. So. Rep. Dig. vols. 4, 5, and 6, Trial, § 253; R. D. Burnett Co. v. Art Wall Paper Co., 164 Ala. 547, 51 South. 263; Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 South. 775; U. S. Cast Iron Pipe Co. v. Granger, 172 Ala. 546, 55 South. 244; North Alabama Grocery Co. v. J. C. Lysle Milling Co., 205 Ala. 484, 88 South. 590; Clarke v. Dunn, 161 Ala. 633, 50 South. 93.

Nesbit & Sadler, of Birmingham, for appellee.

Where several, acting independently, obstruct a stream, there is no joint liability; but each is liable only for the injury it causes. Jones v. T. C. I. Co., 202 Ala. 381, 80 South. 463; 27 R. C. L. 1118. Despite a recital that a bill of exceptions contains all of the evidence, the court will construe it as not containing all the evidence, if that fact be apparent from the bill. Roach v. Warren-Neeley Co., 151 Ala. 302, 44 South. 103; Handley v. Shaffer, 177 Ala. 636, 59 South. 286; Middlebrooks v. Sanders, 180 Ala. 407, 61 South. 898; Ala. Terminal Co. v. Benns, 189 Ala. 590, 66 South. 589; Warble v. Sulzberger Co., 185 Ala. 603, 64 South. 361; Continental Gin Co. v. Milbrat, 10 Ala. App. 351, 65 South. 424; Sloss Co. v. Redd, 6 Ala. App. 404, 60 South. 468. Where a bill is construed as not containing all of the evidence, the appellate court will presume any reasonable state of the evidence to justify the action of the trial court.

SAYRE, J. The suit is for damages for that defendant is alleged to have obstructed the flow of water in Village creek, a natural water, thereby causing an overflow upon plaintiff's property, etc. A jury found with defendant and plaintiff has appealed.

[1] Plaintiff criticises charge 2, given for defendant, on account of the omission of the word "proximately" before "caused" in the concluding part of the charge. The criticism is too nice for practical purposes. The charge states, with adequate completeness, the rule of law sustained by the authorities. Jones v. Tennessee Co., 202 Ala. 382, 80 South. 463; Tennessee Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48. We do not see that the purpose in hand, viz. to help the jury to an understanding of the issues involved and the applicable law, called for further definition. We are not so much concerned about the meaning which the ingenuity of counsel can, at leisure, wring out of the charge, but must look to the impression it would likely make on the mind of an intelligent, but untrained jury. 1 Randall's Instructions to Juries, p. 763. In this case there was no particular occasion or necessity for the use of the term suggested; but, if a meticulous criticism would suggest the use of it, we are far from willing to order a reversal on that account. If plaintiff felt aggrieved, he should have requested an additional or explanatory charge. See Alabama cases cited on page 764 of Randall's Instructions.

[2] There was no reversible error in charges 4, 5, and 17, given for defendant. These charges are criticized on the ground that they omit reference to the sump wall and dam erected and used by defendant, thus confining plaintiff to the recovery of only such damage as may have resulted from the furnace and slag tracks maintained across the water by defendant. It seems that the trial court charged the jury without specific reference to the sump wall and dam, for the reason that, while there is mention of that structure in the evidence, as there was of the even more remote tracks of the Louisville & Nashville Railroad Company and the Birmingham Railway, Light & Power Company across Village creek, there was no evidence from which the court might have reasonably inferred that the jury could find for plaintiff as for the sole or contributory obstruction caused by the structures of omitted reference. Defendant maintained three separate structures across Village creek below plaintiff's property. Of the three the slag track was first across the flow of the creek below plaintiff's property, and below that, not far away, was defendant's furnace track. The dam and sump, or pool, is further down the creek, at a considerable interval below the furnace track. Up the creek, between plaintiff's property and the slag track, is the track of the Alabama or Mary Lee Company. The record shows that plaintiff as a witness referred his damage to the furnace track. Plaintiff's expert witness, Consulting Engineer Totten, mentioned the dam and sump wall, but showed clearly that that structure contributed nothing to the overflow upon plaintiff's property. He pointed out the fact that the slag pile made by defendant on the opposite side of the creek from the sump constricted somewhat the flow of water when the creek overflowed its banks and was at flood stage; but we think it is clear beyond dispute, on his testimony and that of other witnesses, that neither the dam at the sump nor the opposite slag pile had anything to do with the overflow complained of. These structures were so far below plaintiff's property in elevation and according to the flow of the stream, and the flow of the water in times of flood was so affected by the intervening structures, as to exclude any reasonable hypothesis to that effect. Defendant's contention, finding support in tenden-

cies of the evidence, was that plaintiff's property would have been overflowed by the flood in the creek, even in the absence of all the structures referred to, or, if not, then the obstruction nearest at hand the trestle, of the Alabama Company, accounted for the overflow, without any contribution from defendant's furnace or slag tracks; assuming, as a matter beyond question, that the dam at the sump and the slag pile thereto had nothing to do with the case, and in our opinion that assumption by defendant and by the trial court was justified in the evidence. There was therefore no error in the charges here in question.

[3] From tendencies of the evidence which have been stated, and from the principle of law declared in Jones v. Tennessee Company, and Tennessee Company v. Hamilton, supra, it is observed that charge 21 was properly given at defendant's request.

[4] There was no error in excluding the map offered in evidence by plaintiff. It is enough to say of the several rulings assigned for error in this connection that plaintiff failed to show that the map correctly portrayed the situation as it existed at the time of any or all the several overflows alleged in the complaint. Moreover, the expert witness, who drew the map which was excluded, drew also a map of the locus in quo and its surroundings on the blackboard in the courtroom, which he testified was correct. This blackboard map is not copied or reproduced in the bill of exceptions, and we are bound to assume that in it plaintiff had the full benefit of everything shown by the map excluded.

Finding no error, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.