## CHAPMAN v BLACKMORE

Ohio Appeals, 7th Dist, Lake Co
No 195. Decided Feb 5th, 1931

John M. Parks, Painesville, for Chapman. L. B. Davenport, Cleveland, and R. M. Ostrander, Painesville, for Blackmore.

WILLIAMS and RICHARDS, JJ, (6th Dist) sitting in place of POLLOCK and ROBERTS, JJ.

**RICHARDS, J.**

Our examination of the evidence convinces us that the judgment is not manifestly against the weight of the evidence.

It is urged as ground for reversal that the trial court erred in giving certain written requests to the jury before argument, and these instructions have had the careful examination of this court.

By the defendant's Request No. 1, the jury was instructed that if the plaintiff was negligent in any respect, and "that such negligence was the proximate cause of the accident, or contributed thereto in the slightest degree", a verdict should be returned for the defendant.

Of course, it is fundamental that contributory negligence on the part of the plaintiff will not bar his recovery unless such negligence is a proximate or direct cause of the injury. The rule was announced in **Schweinfurth vs. The C. C. C. & St. L. Ry. Co.**, 60 Oh St, 215, and has been followed many times since, particularly in **Toledo Railways & Light Co. vs. Mayers**, 93 Oh St, 304; **Pennsylvania R. R. Co. vs. Rusynik**, 117 Oh St, 530; **Gallup, Admr. vs. Toledo Terminal R. R. Co., et al.**, 26 Oh Ap 447, and the unreported case of **Community Traction Co. vs. Jakubek**, decided by the Court Appeals in Lucas County on January 19th, 1931. The latest decision is by the Supreme Court in a syllabus contained in the Ohio Law Bulletin & Reporter of February 2nd, 1931, at page 33,

in the case of **Smith vs. Lopa.**

The instruction from which quotation has just been made indicates that this principle of law was appreciated and probably undertaken to be covered; but the instruction is in the alternative form, and justifies a finding that the plaintiff would be barred from recovery if his negligence contributed in the slightest degree to cause the accident. That portion of the instruction should have read so as not to bar him from recovery on the ground of contributory negligence unless it proximately or directly contributed to the injury,—the instruction being in the disjunctive form, would authorize the jury to find against the plaintiff if it found that his negligence was the proximate cause of the injury, and would also authorize the jury to find against the plaintiff if it found from the evidence that his negligence contributed in the slightest degree to his injury.

This court is of the opinion that the error in giving instruction No. 1 was prejudicial to the plaintiff.

The same incorrect statement of the rule is in the general charge, where the jury was instructed that the plaintiff could not recover if his negligence contributed to the production of the injury, without containing any requirement that such contribution must be the direct or proximate cause of the injury.

Defendant also requested charge No. 2, which was given to the jury, that if the defendant was driving his automobile as an ordinarily careful and prudent person would drive it under the same or similar circumstances, the verdict should be for the defendant. This instruction assumes that the only negligence chraged was the negligent driving of the automobile by the defendant, while the petition contains various charges of negligence. Among the charges of negligence contained in the petition is one of operating the automobile while it had defective brakes, which were out of order. The bill of exceptions contains testimony from two witnesses tending to show that they were familiar with the brakes on the defendant's car just before and just after the collision, and that the brakes were not good and would not stop the car readily, and that the defendant was told of that fact. This instruction entirely overlooks the condition of the brakes and would justify a finding by the jury that the only duty of the defendant was to operate his car with ordinray care. The giving of the instruction was prejudicial

error.

Instruction No. 4, asked by the defendant and given to the jury, concludes with the sentence "The fact that David Blackmore may have done the wrong thing does not in itself indicate that he was not in the exercise of ordinary care". It is true that this sentence immediately follows a correct statement of the law concerning the duty of a person when confronted by a sudden emergency; but the sentence quoted is in general form and the defendant was charged with being guilty of various acts of negligence. We think the sentence quoted makes the charge misleading and prejudicial.

We have examined all of the claimed errors, but find no other prejudicial to the plaintiff.

For the reasons given, the judgment will be reversed for giving instructions 1, 2 and 4, and the cause remanded for new trial.

Farr and Williams, JJ, concur.