(134 So. 625)

**BRADSHAW, PLOSSER & ROWE, Inc., v. HOSKINS.**

6 Div. 698.

Supreme Court of Alabama.

May 14, 1931.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

Harsh & Harsh and Francis Hare, all of Birmingham, for appellee.

BROWN, J.

After judgment and verdict for defendant, the court, on motion of the plaintiff, awarded a new trial, and the defendant has appealed.

The case went to the jury on the fifth count of the complaint, ascribing the plaintiff's injury and damage to the negligence of the defendant's servant or agent in the operation of a truck in "negligently causing or allowing said truck to run into, upon, against or over said embankment or ditch, or to overturn, or plaintiff to be knocked, thrown or caused to fall from said truck"; and defendant's plea of the general issue, in short by consent, etc.

Under the evidence, the issue of negligence, and contributory negligence as well, was for the jury.

Among other special charges given on defendant's request was charge 34: "The court charges you that if you are reasonably satisfied from all the evidence in this case that the plaintiff, at the time and on the occasion named in the complaint, failed to exercise the care and prudence that would have been exercised by an ordinarily prudent man similarly situated *in preventing himself from falling out of or from being thrown out of the truck* named in the complaint, then you would not be authorized to return a verdict against the defendants under counts five and seven wherein simple negligence is charged." (Italics supplied.)

This charge assumes that negligence hypothesized in the charge proximately contributed to plaintiff's injury, and was invasive of the province of the jury.

The case of Gillespie v. Woodward Iron Co., 209 Ala. 458, 96 So. 595, cited as justifying the omission from the charge of the thought that the negligence hypothesized must have "proximately contributed" to plaintiff's hurt, was an action for damages resulting from a nuisance, not involving a question of negligence, and is not pertinent to the question presented here.

The motion for new trial contained seventy different grounds, but we deem the foregoing sufficient to justify the ruling of the trial court, and deem it unnecessary to treat the case further.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.