146 So. 821

### CARTER v. NE-HI BOTTLING CO.
### 7 Div. 155.

Supreme Court of Alabama.
March 16, 1933.

Goodhue & Lusk, of Gadsden, for appellant.

Culli & Culli, of Gadsden, and Luke P. Hunt, of Birmingham, for appellee.

KNIGHT, Justice.

Another collision between motor vehicles, on a public highway, in broad daylight, resulting in personal injuries to plaintiff, and properly damage to both vehicles. The collision itself speaks negligence on the part of one and possibly of each of the two drivers.

The plaintiff's car, driven by the plaintiff himself, was proceeding towards Boaz, while the defendant's truck, driven by the defendant's servant or agent, Copeland, was proceeding towards Attalla. The accident occurred just beyond the "over-head bridge" on the Boaz side of the railroad. The plaintiff testified that he was traveling about thirty-

five miles an hour, while defendant's testimony tended to show that the speed of plaintiff's car was about forty or forty-five miles an hour. Defendant's testimony tended to show that the speed of its truck was from fifteen to twenty miles an hour, while plaintiff testified that the speed of defendant's truck was about thirty-five miles an hour. The driver of each of the cars could see the other for a distance of (certainly) not less than three hundred feet. It was daylight, around 7 a. m., and the road was free of obstructions and sufficiently wide to permit the two motor vehicles to pass each other with ease and safety.

There were verdict and judgment for defendant, and from that judgment this appeal is prosecuted. Only two questions are here presented for review, one arising upon the giving of charge numbered 1 at request of defendant, and the other is predicated upon the court's refusal to grant plaintiff's motion for new trial.

The evidence, under the pleadings, presented a jury case, both as to negligence on the part of defendant's servant in the operation of the truck and contributory negligence on the part of plaintiff.

Charge 1 is in the following language: "The court charges the jury that if the plaintiff, Carter, on the occasion in question could have by the exercise of reasonable care and prudence avoided the collision between his automobile and the truck of defendant and failed to do so, then the plaintiff would not be entitled to recover any damages in this suit, notwithstanding the fact that you might also be reasonably satisfied from the evidence that the driver of defendant's truck was guilty of negligence on said occasion."

This charge, if not otherwise faulty, assumed, as a matter of law, that the negligence hypothesized, on the part of plaintiff, proximately contributed to his injury. In giving this charge, the court committed reversible error. The true test as to whether the plaintiff's contributory negligence will defeat recovery is whether his negligence contributed proximately to his injury. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Herring v. Louisville & Nashville R. Co., 203 Ala. 136, 82 So. 166; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Montgomery L. & T. Co. v. Harris, 197 Ala. 236, 72 So. 545; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; Central of Georgia R. Co. v. Hyatt, 151 Ala. 355, 43 So. 867; Hines v. Champion, 204 Ala. 227, 85 So. 511; Thompson v. Duncan, 76 Ala. 334–338.

In this view of the case, it becomes unnecessary to review the action of the trial court in overruling plaintiff's motion for a new trial.

For the error in giving, at the request of defendant, charge 1, above set out, the judgment of the circuit court must be, and is, reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.