194 So. 505

**HAYES v. ALABAMA POWER CO.**

**6 Div. 493.**

Supreme Court of Alabama.

March 9, 1940.

* DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

McQueen & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff's coupe, which she was driving while alone, going south on Greensboro Avenue in the city of Tuscaloosa, collided with defendant's street car where defendant's track crosses said avenue (about forty feet in width) near the Alabama Great Southern Railroad station. It was a clear morning and the avenue straight for some distance. Plaintiff insists her view was obstructed by a large truck and parked cars (others say she gave the blinding sun as an excuse), and that she did not see the street car until she was six or eight feet from it, at which time she applied her brakes and did all she could to stop; that she was driving at a speed of twelve to fifteen miles per hour. The evidence is silent as to the distance within which her coupe could be brought to a stop. Plaintiff further insists that her coupe was struck by the front of the street car; that the motorman gave no signal and sounded no bell or whistle, and when she first saw the motorman he made no effort to stop the car, though she had slowed down her coupe to eight to ten miles per hour. The street car did not stop until the moment of collision. One witness for plaintiff said: "I saw the motorman before the collision; he was standing up in the street car. The street car did not stop until it hit Mrs. Hayes. I did not pay any attention to what the motorman was doing toward stopping his car, I just saw him standing there and also saw the street car was not stopping. I did not hear him clang his bell after he got on Greensboro Avenue."

The motorman insists that at the crossing he brought the street car to "safety control," meaning a speed of about two miles per hour, and after blowing the whistle proceeded across at this same speed. The motorman's evidence tended to show he saw plaintiff's coupe as far away as one hundred and fifty feet; "I saw an automobile coming, and a lady driving it, as I entered Greensboro Avenue. Away back up Greensboro Avenue I saw her coming. I did not stop. I did not have no right to stop." And that she was traveling at a speed of fifteen or eighteen miles an hour, and did not slacken her speed and gave no sign that she saw the street car; that when she got "within three or four feet" he saw that if she did "not slacken her speed she would hit the street car and she gained up a few more feet and got in about six or eight feet, and I saw she was going to hit it, I gave my car emergency air and stopped." In applying the emergency brakes, which were in good condition, the

car stops immediately. "It does not travel a foot."

Defendant's evidence, conflicting in this respect with that for plaintiff, tended to show the coupe ran into the side of the street car and the collision was not right at the front as plaintiff insists.

Plaintiff's evidence further tended to show no whistle or warning signal at any time.

■ It is clear enough the verdict for defendant was rested in large part upon its plea of contributory negligence. Harrison v. Mobile Light & R. Co., 233 Ala. 393, 171 So. 742. But, as plaintiff insists, her count for simple negligence, in general terms, suffices for a recovery upon the theory of subsequent negligence. Newsome v. Louisville & Nashville R. R. Co., 20 Ala. App. 349, 102 So. 61; Hines v. Champion, 204 Ala. 227, 85 So. 511.

■ The negligence of the plaintiff must be a concurring proximate cause of the injury in order for such negligence to be available under the plea of contributory negligence. Plaintiff's act or omission, when only a remote cause or a mere antecedent occasion or condition of the injury, is not contributory negligence. Hines v. Champion, supra, and Newsome v. Louisville & Nashville R. R. Co., supra.

■ Charge 21, given for defendant, omitting the element of proximate cause, is in conflict with this recognized principle, and should have been refused.

A like omission permeates the oral charge of the court. The giving of this charge constitutes error to reverse. McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; Brooks v. Rowell, 222 Ala. 616, 133 So. 903.

■ Defendant's answering argument is rested upon the theory that the error was without injury (Dudley case, supra) for that under the undisputed proof there was no subsequent negligence of the motorman shown, and that, in any event, plaintiff's negligence continued to the last moment, and contributed to the injury as a proximate cause, thus likewise precluding recovery. Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co., 184 Ala. 601, 64 So. 44. But we think both of these questions were for the jury's consideration.

A sufficient outline of the proof has been given to indicate that the matter of subsequent negligence on the part of the motorman was one for the jury to determine, as well as to whether or not any concurring negligence of plaintiff was the proximate contributing cause of the injuries suffered. Each case must stand upon its own peculiar facts. Harrison v. Mobile Light & R. Co., supra. No detail discussion of the proof is deemed necessary.

For the error indicated, the judgment must stand reversed.

Reversed and remanded.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.