SCHACKELFORD, Plaintiff-Appellee, v. COMMERCIAL MOTOR FREIGHT, Inc., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3826.   Decided October 17, 1945.

Knepper, White & Dempsey, Columbus, for plaintiff-appellee.

Allen I. Pretzman, Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment in favor of plaintiff for damages in the sum of $7500.00 entered on a verdict of a jury after the overruling of defendant's

motion for new trial. Errors assigned are grouped under five specifications and as this is an affirmance of the judgment, we consider the assignments briefly and make references in the main by memoranda of authorities.

Specification of error No. 1: A witness on behalf of the plaintiff testified that at and immediately prior to the collision between the automobiles of the parties, defendant's truck was moving at a rate of speed of thirty to thirty-five miles per hour with the additional qualification that it "seemed very fast to me". The Court permitted the answer to stand in its entirety, to which objection and exception was noted. The characterization "it seemed very fast to me" was but a conclusion and could well have been striken. The witness fixed the speed in miles per hour, at which, in his judgment, the truck was moving as did other witnesses. Inasmuch as the Court definitely instructed the jury as to the lawful speeds controllng the factual situation, the conclusion of the witness could not have been prejudicial to the defendant; **State v Auerbach, 108 Oh St 96.**

The second error assigned under specification No. 1 is the admission, over objection, of the testimony of Doctors Senteff and Foertmeyer of expressions of opinions based in part, at least, upon readings of X-day photographs which they had examined and which were identified but were not offered in evidence. The admission of this testimony was neither erroneous nor prejudicial.

The next assignment under this specification relates to the testimony of Dr. Foertmeyer as to future pain and suffering which might attend plaintiff by reason of his injuries. Upon the whole the testimony of Dr. Foertmeyer was properly admitted as was likewise the testimony of Mrs. Schackelford, a lay witness, who was permitted to answer in response to a question, that plaintiff "was very weak and shaky". This observation was well within the province of a lay witness in conjunction with her testimony in its entirety. The Court likewise was correct in admitting the testimony of Mrs. Schackelford to the effect that prior to the accident, plaintiff had very good health and a very pleasant disposition, but that after the accident, he was irritable. These rulings, if improper, could only affect the amount of the verdict which is not challenged by the errors assigned.

In the second and third specifications of error it is urged that the Court erred in refusing to give plaintiff's special charges Nos. 1 and 2. Special charge No. 1 was incomplete in that it did not include in its terms the necessity that it appear that plaintiff was chargeable with negligence which

directly contributed **as a proximate cause** in the slightest degree to the accident. **Chapman v Blackmore, 39 Oh St 425, 177 N. E. 772, 9 Abs 410; Indian Refining Co. v Baker, 10 Abs 210;** Johnson v Cincinnati, 20 O. C. C. 657, 11 O. C. D., 318.

Charge No. 2 has the same infirmity and, further, it could under its language have been construed by the jury to have implied that it appeared from the evidence that plaintiff Schackelford's own negligence directly contributed to the injuries complained of. The language of the charge is "when it appears", whereas it should have been "if it appears", or "if you find", etc. **Chesrown v Bevier, 101 Oh St 282,** 2nd Syl.; **Plotkin v Meeks, 131 Oh St 493.**

Specifications Nos. 4 and 5 relate to claimed error in the general charge, first, that the Court erred in charging the law as to the prima facie lawful speed on Sandusky Street, one of the streets at the intersection of which with Town Street the collision of the vehicles occurred. The undisputed evidence on the record supports the charge of the Court on the subject.

The last assignment avers that the Court unduly stressed plaintiff's case and minimized the law controlling defendant's factual situation. This claim is not well made.

Judgment affirmed.

MILLER, J., and MONTGOMERY, J., concur.