54 So.2d 282

**TERRY v. NELMS.**

8 Div. 567.

Supreme Court of Alabama.

May 17, 1951.

Rehearing Denied June 28, 1951.

Further Rehearing Denied Oct. 18, 1951.

292

R. B. Patton and D. U. Patton, Athens, and S. A. Lynne, Decatur, for appellant.

Peach, Caddell & Shanks, Decatur, for appellee.

SIMPSON, Justice.

The appellant brought suit against appellee for personal injuries and property damage growing out of a collision of his automobile with defendant's truck at a street and highway intersection in the city of Decatur, Alabama. The usual conflicting tendencies of evidence obtained here, as in most such trials, but in view of our conclusions it will not be necessary to discuss it. From a judgment for the defendant, the plaintiff has appealed.

The question of importance is whether reversible error prevailed in giving for the defendant two patently erroneous requested charges, numbers 4 and 9. We will here reproduce 4 and the reporter will set out 9. "4. If you are reasonably satisfied from the evidence in this case that the plaintiff Terry was guilty of negligence on the occasion in question and that this negligence contributed in the slightest degree to his damage and injury you should not render a verdict in his favor but your verdict should be in favor of the defendant."

Concededly the charge is erroneous in failing to hypothesize that the negligence of the plaintiff to bar recovery must proximately contribute to his injuries. Such negligence must be a concurring proximate cause of the injury and not merely a remote or antecedent occasion or condition of the injury to be available under a plea of contributory negligence. Hayes v. Alabama Power Co., 239 Ala. 207, 194 So. 505; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; J. H. Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46; Hines v. Champion, 204 Ala. 227, 85 So. 511; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Reaves v. Anniston Knitting

Mills, 154 Ala. 565, 45 So. 702; Newsome v. Louisville & N. R. Co., 20 Ala.App. 349, 102 So. 61.

Charge number 9 is subject to the same defect.

The consistent holding of this court has been that error to reverse must be pronounced in such a misdirection to the jury. McCaa v. Thomas, supra; Dudley v. Alabama Utilities Service Co., supra; Newsome v. Louisville & N. R. Co., supra; Seaboard A. L. Ry. Co. v. Laney, 199 Ala. 654, 75 So. 15; Thompson v. Duncan, 76 Ala. 334; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821; Brooks v. Rowell, 222 Ala. 616, 133 So. 903; Kelly v. Hanwick, supra.

■ True, as argued by able counsel, there were other instructions which properly charged on contributory negligence, but the precedent has also been established that the error in giving such an "erroneous charge was not cured by the fact that, in the court's oral charge, or in other special charges given at the request of defendant, the jury were properly instructed that only such negligence as *proximately* contributed to his injury could be considered. Birmingham Ry., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Roberson v. State, 183 Ala. 43, 62 So. 837; Ala., T. & N. R. Co. v. Huggins, 205 Ala. 80, 87 So. 546; Birmingham Ry., L. & P. Co. v. Hunt, 200 Ala. 560, 76 So. 918." Dudley v. Alabama Utilities Service Co., supra, 225 Ala. 531, 532–533, 144 So. 5, 6.

■ The defendant's answering argument is also predicated on the principle of error without injury. McGough Bakeries Corp. v. Reynolds, 250 Ala. 592, 35 So.2d 332, 337, is thought to sustain the position. The case at hand is to be easily distinguished. Here positively erroneous instructions on the law of contributory negligence were given to the jury. They were fundamentally bad, in which circumstance we have said a reversal of the case is in order. In the McGough case the charges considered were held to be incomplete, but not altogether incorrect, and that the court's oral charge that "no person is responsible for any negligence unless that negligence is the proximate cause of the injury or damage. *That applies throughout the charge to anything I say*" (emphasis supplied) effectually eradicated any prejudice which might have prevailed by the giving of the charges there considered.

■ In the case at bar, however, no such explanation was made by the trial court and, indeed, the same vice inhered in a portion of its oral instruction as regards contributory negligence, where the court charged: "Nor does the defense of contributory negligence, which I will later define to you, prevent a recovery, if it is not the proximate cause, or if it does not contribute in some degree to the injury or damage." The second alternative of the quoted excerpt pretermits proximate causation. This instruction, rather than remedying the defect in the two erroneous charges, approved them. To illustrate, the same situation prevailed in the case of Chapman v. Blackmore, 39 Ohio App. 425, 177 N.E. 772–773, where the court was considering an instruction in the alternative that the contributing negligence should have been either a proximate cause or must have contributed in the slightest degree to the accident. In analyzing the error, the court said: "By the defendant's request No. 1 the jury was instructed that if the plaintiff was negligent in any respect, and 'such negligence was the proximate cause of the accident, or contributed thereto in the slightest decree,' a verdict should be returned for the defendant.

"Of course, it is fundamental that contributory negligence on the part of the plaintiff will not bar his recovery unless such negligence is a proximate or direct cause of the injury. * * *

"The instruction from which quotation has just been made indicates that this principle of law was appreciated and probably undertaken to be covered; but the instruction is in the alternative form, and justifies a finding that the plaintiff would be barred from recovery if his negligence contributed in the slightest degree to cause the accident. That portion of the instruction should have read so as not to bar him from recovery on the ground of contributory negligence

unless it proximately or directly contributed to the injury. The instruction being in the disjunctive form would authorize the jury to find against the plaintiff if it found that his negligence was the proximate cause of the injury, or if it found from the evidence that his negligence contributed in the slightest degree to his injury.

"This court is of the opinion the error in giving instruction No. 1 was prejudicial to the plaintiff."

The remaining errors contended for appear not to be so vital and will probably not occur on a retrial, so we will not treat of them.

For the error noted, however, we are strongly convinced the judgment should be reversed. So ordered.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.

## On Rehearing

SIMPSON, Justice.

This response is in deference to the earnestness of able counsel on rehearing, for on original consideration we took full account of the propositions now advanced to avert a reversal of the cause but were then and are now in disagreement with the argument.

On a very careful re-examination of the case we must hold:

■ 1. McGough Bakeries case, supra, is not authoritative; nor is the principle of that case conflictory with the pronouncement quoted from Dudley v. Alabama Utilities Service Co., supra. But in applying the rule of error without injury, as was done in the McGough case, the particular case in hand must be judged on its own record. As was so aptly observed long ago by Chief Justice Marshall in Ogden v. Saunders, 12 Wheat. 213, 313, 6 L.Ed. 606, 647: "It is a general rule * * * that the positive authority of a decision is coextensive only with the facts on which ·it is made." So instantly we must judge the record before us and not that in the McGough case, since they are not the same—as we thought had been pointed out on original deliverance.

■ For many years this court has pronounced reversible error in giving charges as condemned hereinabove, where their giving probably injuriously affected the party against whom given. And since in the case at bar the oral charge and the given written charges gave both correct and incorrect instructions on the applicable law of contributory negligence, we are bound to be governed by the stated principle of the Dudley v. Alabama Utilities Service Co. case and order a reversal.

2. The case of Gillespie v. Woodward Iron Co., 209 Ala. 458, 96 So. 595, cited as justifying the omission of proximate causation from a contributory negligence charge, has already been held to be inapposite in a case action in Bradshaw, Plosser & Rowe v. Hoskins, 223 Ala. 23, 134 So. 625. The court there pointed out that in the Gillespie case the action was "for damages resulting from a nuisance, not involving a question of negligence, and is not pertinent to the question presented here" (contributory negligence).

■ 3. Likewise untenable is the argument that because plaintiff's requested charge 4 was given, which it is contended omitted the idea of *proximate* causation, error to reverse might be averted for the giving of the aforestated charges numbered 4 and 9 for the defendant. Without analyzing the correctness, vel non, of plaintiff's charge 4, if it was bad, it was bad for a different reason from the patent illegality imminent in defendant's said two given charges. So the principle of estoppel argued to sustain the ruling below would in any event be inapplicable.

On a careful reconsideration, we must say we think our original opinion is sound.

Opinion corrected and extended, and application for rehearing overruled.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.