118 So.2d 924

**James P. YATES**

v.

**Fred DE MO.**

**3 Div. 872.**

Supreme Court of Alabama.

March 17, 1960.

Scott, Whitesell & Scott, Montgomery, for appellant.

John P. Kohn, Montgomery, for appellee.

SIMPSON, Justice.

The following facts will be sufficient for an understanding of this case: Plaintiff (appellant) filed a suit in two counts in the Circuit Court of Montgomery County seeking to recover from defendant (appellee) damages resulting from a fire which partially destroyed a dwelling house owned by plaintiff. Both counts of the complaint alleged that the fire and the resulting damage were proximately caused by the defendant's negligence in and about the business of painting the house. Defendant filed demurrers which were overruled and the case went to trial before a jury on defendant's plea in short by consent with a special plea of contributory negligence to both counts of the complaint. At the conclusion of the evidence the court gave its oral charge to the jury and certain written charges requested by the parties. The appellant assigns as error certain portions of the court's oral charge and the giving of certain written charges at the request of the defendant. The jury returned a verdict for the defendant and judgment for the defendant on that verdict was entered by the court. The plaintiff brought this appeal.

The evidence establishes the following: The appellant hired the appellee to paint portions of a house owned by him. The day was warm, but there was a substantial drop in temperature during the night. The house was empty. The appellee used "drop cloths" during the course of the day while painting. There was a floor furnace in a hall which was controlled by a thermostat which caused the pilot light to ignite the furnace automatically when the temperature dropped to a certain point. The appellant knew the pilot light was on the day the painting was done. During the night after the painting had been done the house caught fire and an investigation disclosed particles of a charred drop cloth around the burned out floor furnace after the fire was put out.

It was the appellant's contention that the fire started when the floor furnace came on and ignited the drop cloth which the appellee had left over the furnace. Appellee's contention was that he was not liable under the negligence counts since the appellant was himself negligent in failing to inform him that the pilot light was on, the appellant knowing this fact at the time the painting was commenced. That the appellant was aware of the fact that the pilot light was on and that he failed to so inform the appellee was undisputed.

The question of importance is whether reversible error prevailed in giving for the defendant his requested charge No. 6 (and others substantially the same) as follows:

"I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case that the plaintiff knew about the pilot

light being on in the furnace at the time the fire occurred and failed to notify the defendant, the plaintiff would not be entitled to a verdict against the defendant."

■ Generally the question of contributory negligence is one for the jury. Stated differently, unless the evidence of contributory negligence is entirely free of doubt or adverse inference, the question must be submitted to the jury. Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; citing Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207; Sloss-Sheffield Steel & Iron Co. v. Littrell, 246 Ala. 58, 18 So.2d 709.

"The Courts can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a matter of law when the facts are indisputable and the inference therefrom is so certain that all reasonable men in the exercise of a fair and impartial judgment must agree upon it and draw the same conclusion from them." Am.Jur., Neg. § 348. The evidence was undisputed in the instant case that the plaintiff was aware that the pilot light was on, and that he failed to so inform the defendant. But if the defendant knew about the pilot light, too, a different situation would arise. We are inclined to the position that the conclusions to be drawn from these facts were a matter for the jury. This court said in Foster & Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825, 832: "The three elements essential to contributory negligence * * * are that the party charged with contributory negligence not only (1) had knowledge of the condition or failure, yet (2) appreciated the danger under the surrounding conditions and circumstances and did not (3) exercise reasonable care in the premises, but with such knowledge and appreciation, put himself in the way of danger". Further, in the same opinion: " 'Whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide upon proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence.' "

■ Under these authorities, we are convinced that the charge was erroneous. It had the effect of declaring as a matter of law that the plaintiff with knowledge of the fact that the pilot light was on, was guilty of contributory negligence in failing to so inform the defendant, whereas under certain circumstances he might not have been required to so inform defendant. As stated, the jury should have been allowed to decide the fact vel non of plaintiff's alleged negligence.

■ Even if this were not so, the quoted charge was further and more seriously erroneous in failing to hypothesize that the negligence of the plaintiff to bar recovery must *proximately* contribute to his injuries. This court has repeatedly held that a charge to the jury in a negligence case which fails to hypothesize that the negligence of the plaintiff to bar recovery must proximately contribute to his injuries is erroneous. Terry v. Nelms, 256 Ala. 291, 54 So.2d 282; Hayes v. Alabama Power Co., 239 Ala. 207, 194 So. 505; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; Hines v. Champion, 204 Ala. 227, 85 So. 511; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702; Newsome v. Louisville & N. R. Co., 20 Ala.App. 349, 102 So. 61. In the Terry case, supra, we said "such negligence must be a concurring proximate cause of the injury and not merely a remote or antecedent occasion or condition of the injury to be available under a plea of contributory negligence". [256 Ala. 291, 54 So.2d 284.]

We are of the opinion that this case does not fall within the rule of the Dudley case, supra, where the charge was likewise defective, but the cause not reversed, for there

the plaintiff could not recover under any count in the complaint. Such is not the case here.

For the error noted a reversal must be ordered. There is no necessity for dealing with other assignments of error.

Reversed and remanded.

STAKLEY, GOODWYN and MERRILL, JJ., concur.